244 So.2d 450 (1971)
Carol T. TSAVARIS, Appellant,
v.
Louis J. TSAVARIS, Appellee.
No. 70-542.
District Court of Appeal of Florida, Second District.
February 5, 1971.
Rehearing Denied March 8, 1971.
*451 Frank Ragano, Tampa, for appellant.
Charles F. Clark of Macfarlane, Ferguson, Allison & Kelly, Tampa, and Paul B. Johnson, Tampa, for appellee.
McNULTY, Judge.
Appellant wife, plaintiff below, appeals from the denial of her Motion to Set Aside Final Judgment of Divorce entered in favor of appellee.
Appellant had retained the services of the late state Senator Joseph A. McClain, Jr. to represent her in her divorce action. The complaint was filed in October 1969 and final hearing was initially set for April 22, 1970. Senator McClain passed away on March 18, 1970, but a partner in his law firm who had assisted in the case continued as counsel. The case was continued by consent and reset for trial on May 27, 1970. On May 27, 1970 the case proceeded for a full day, but the parties were unable to conclude the hearing on that date and the cause was recessed until Tuesday, June 16, 1970, the earliest available date at which it could be concluded.
On June 11, 1970 (the Thursday before the hearing), appellant's counsel informed her that counsel for the appellee had furnished him with a proposed written settlement agreement. This agreement was totally unsatisfactory to appellant, but her counsel urged her to accept it nonetheless. We interpose to say here that from the record before us counsel's recommendations in the premises appear to be well advised although a similar offer had been previously rejected by the wife; and indeed *452 there is nothing to suggest that his advice did not satisfy the highest standards of competence imposed on attorneys in these cases.
Nevertheless, appellant became dissatisfied with counsel and lost confidence in him because of his recommendations and urgings to accept the offer, and on Saturday, June 13th, she attempted to retain the services of her present counsel, Frank Ragano. Mr. Ragano advised her he could not be her counsel as long as she was represented by other counsel. He also told her that he was involved in a trial of a case in Miami but, if he were retained, he saw no reason why the trial judge would not grant a continuance of the final hearing which was scheduled to resume three days hence on June 16, 1970. Accordingly, on Monday, June 15, 1970, the day before the scheduled hearing, appellant discharged her then counsel and contacted Mr. Ragano. Later, on the same day, her then counsel moved for leave of court to withdraw as counsel and immediately thereafter Mr. Ragano's partner filed a Motion for Continuance.
Both motions were heard on that day, June 15, 1970, and the court granted the motion of first counsel to withdraw but denied new counsel's motion for continuance. In granting the first motion the court found that original counsel had "vigorously, diligently, capably and competently represented" plaintiff, but expressly recognized "the inherent right of any litigant to change counsel." On the other hand, in denying the motion for continuance, the court, in a separate order found that "there has been no sufficient showing to constitute a reason for plaintiff to discharge her counsel * * * and that her rejection of a proposed settlement and voluntary discharge of counsel does not constitute grounds for a continuance."
The next day, the court proceeded with the final hearing, although neither appellant nor her new counsel appeared.[1] After waiting an hour, the court conducted an ex parte hearing, at the conclusion of which the husband was granted the divorce. The final judgment of divorce also provided for alimony and child support and disposed of the property rights of the parties all in terms patently far less satisfactory to appellant than were provided for in the aforesaid property settlement offer previously rejected by her. Subsequently, appellant filed a Motion to Set Aside that Final Judgment and now appeals the denial of that motion. We reverse.
Initially, we avoid appellant's prime contention that she was denied due process of law. Certainly, had she acted capriciously, arbitrarily, vindictively, without diligence, unreasonably or purely to be dilatory or to frustrate the orderly disposition of the cause the court might well have been justified in taking the action taken and due process would not have been violated.[2] We are of the view, however, that there is nothing in the record from which any such dereliction on her part can be found. But even so, we think the matter can be disposed of without going into the due process question. That is to say, the matter is one involving judicial discretion.
First of all, appellant had an absolute right to reject counsel's recommendations as to the proffered settlement and submit the matters to the court, even though the wisdom of such course may be open to question; and she had an equal right to change attorneys as long as there is no basis for a determination that she was attempting to frustrate final determination of the cause.[3] We can find no such *453 basis. Indeed, as she was the plaintiff, for all that appears a speedy conclusion of the cause inured to her benefit.
Having properly recognized in the first instance, therefore, that she had the right to change counsel, the court was thereafter without authority to place the burden on her of showing "sufficient * * * reason * * * to discharge" him. Moreover, before he would be justified in effectively depriving appellant of the assistance of counsel by denying a continuance so that other counsel could become prepared to proceed, the trial court would have to have found some dereliction on her part prejudicial to an orderly disposition of the cause or prejudicial otherwise to the court or other parties. No such findings were made, nor indeed could be made, from the record before us. A denial of the continuance was consequently, we think, an abuse of discretion sufficient to warrant reversal.
Accordingly, the order denying her motion to set aside the final judgment hearing should be, and it is, hereby, reversed, and the cause is remanded for further proceedings not inconsistent herewith.
LILES, A.C.J., and HOBSON, J., concur.
NOTES
[1] It appears that Mr. Ragano and his law partner were tied up in appearances before other courts on that day.
[2] Cf. Benson v. Benson (Nev. 1949) 204 P.2d 316; see, also, 17 C.J.S. Continuances § 23 at p. 394.
[3] Cf. Carey v. Town of Gulfport (1939), 140 Fla. 40, 191 So. 45; United States Savings Bank v. Pittman (Fla. 1920), 80 Fla. 423, 86 So. 567.