596 So.2d 1245 (1992)
Frank JEAN, Appellant,
v.
COUNTY SANITATION INC., a Florida corporation, Appellee.
No. 91-0073.
District Court of Appeal of Florida, Fourth District.
April 15, 1992.
*1246 Gary Marks of the Law Offices of Gary Marks, Fort Lauderdale, for appellant.
Cynthia A. Rudy of McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee.
FARMER, Judge.
A Haitian citizen [Jean] was in an automobile accident in Palm Beach County while visiting here and sued appellee for damages. A discovery deposition of plaintiff was taken on March 22, 1990. After plaintiff noticed the case for trial in April 1990, the court set a trial date of October 8, 1990. Plaintiff moved for a continuance in August 1990 on account of difficulties in obtaining a visa for travel to the United States, which the trial court denied without prejudice to renew with documentation evidencing the problem.
The case was not reached on the October trial calendar, and on November 13th the court set the case for trial beginning December 10, 1990. It strongly hinted that no more delays in trying the case would be countenanced. Eight days later, on November 21st, the court changed the beginning date to December 3rd, one week earlier than previously set, after plaintiff's lawyer served a notice of conflict with the December 10th date.
Because of Jean's visa problems and in an abundance of caution, on November 21st plaintiff's lawyer scheduled a videotape deposition of his client for Saturday, December 1st, in Haiti. He then canceled that deposition when he learned that Jean had resolved the visa problem and had reservations for a flight to the United States on November 27th. On the way to the airport, however, Jean was involved in a second automobile accident. The car in which he was riding was totally destroyed, one passenger was killed, and Jean suffered debilitating internal injuries to his chest, neck, arm and back.
Consequently, he did not appear for the beginning of trial on December 3rd. His lawyer was there, however, and advised the court of the second accident. He did not know then the extent and nature of the injuries, other than to say that his client had been hospitalized. He explained that he did not learn of the second accident until December 2nd because of the antiquated communication system in Haiti and Jean does not own a telephone or live near anyone who can accept a message.
He asked the court for a continuance until the second week of the trial calendar, or December 10th as first set. His client did not have any open wounds as a result of the accident, he said, but was being examined in the hospital for the possibility of internal injuries. He assured the court of his client's availability during the week of December 10th.
He explained that he could not go to trial without his client's live testimony and could not file a voluntary dismissal because the statute of limitations had already expired. Responding to defendant's opposition on the grounds that no affidavit from Jean had been filed establishing any of the foregoing, counsel explained that the logistics simply did not give him enough time to obtain formal affidavits but that he had his client's son outside in the hallway who would give testimony under oath supporting all of the foregoing.
The trial court thereupon denied the continuance. Based on the lawyer's representation that he could not proceed without his client, the court dismissed plaintiff's case. Jean's lawyer then filed a motion for rehearing supported by an affidavit of his client establishing all of the foregoing facts which was heard the following week on December 11th. Plaintiff offered to reimburse defendant for any costs or expenses incurred as a result of these events and stated his readiness to proceed at once to trial. The trial judge denied that motion as well.
Ordinarily we would regard the judge's decision as an exercise of judicial discretion and affirm on the basis that no abuse has been shown. Jean's lawyer established, *1247 however, a reason manifestly demonstrating circumstances beyond his control, rather than merely dilatory conduct. We thus think the result should be controlled by the decision in Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987), which involved facts substantially identical to this case.
There, a defendant suffered a stroke two days before trial. Because of a misunderstanding, his lawyer did not present his motion for a continuance until the scheduled beginning of trial at 2:00 p.m., rather than earlier in the day at the court's regular motion calendar. With his motion, defendant's lawyer filed his own affidavit to the effect that, although there was a deposition taken of his client earlier in the case, he could not "fairly and adequately" defend his client without his live testimony. The trial court denied the motion.
On appeal, the third district reversed. Acknowledging that the denial of a motion for a continuance was within the trial court's discretion, the court said:
Special circumstances sometimes exist, however, in which the denial of a motion for continuance creates an injustice for the movant. In these circumstances, this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance, [citations omitted] in particular, in cases where the opposing party would suffer no injury or great inconvenience as a result of a continuance.
514 So.2d at 78. The court forgave technical deficiencies in the form of the papers supporting the motion, pointing to the compressed period in which defendant's counsel had to operate and the suddenness of the client's illness.
Two additional aspects of the third district's decision deserve special mention. The unforeseeability of defendant's illness was distinguished from other cases in which attorneys could have anticipated that their clients or witnesses would not be available for trial. And the need for a party's own live testimony, instead of an earlier deposition, was given the importance it so obviously has; for the party is "the witness most able to present testimony on" the critical matters in dispute.
The defense argues that some dilatory pretrial conduct by plaintiff's counsel in discovery requires an affirmance. Among other things, plaintiff failed to answer interrogatories in November 1989 and February 1990. He failed to respond to a request to produce in May 1990 or attend a deposition in June 1990, or comply with pretrial orders compelling discovery. There were several requests for the physical examination and appointments set but not kept, extending from April 1989 to September 1990. On November 15, 1990, little more than two weeks before trial was to begin, defendant moved to dismiss because of the lack of a physical examination.
But counsel's pretrial footdragging was not cited by the trial court as the reason for dismissal. Defendant opposed the continuance by renewing its previous motion to dismiss based on the failure of Jean to submit himself for a physical examination. The trial court expressly denied that motion at the December 3rd hearing. Hence the pretrial discovery history was not the basis for the court's dismissal.
We therefore reverse and remand for proceedings not inconsistent.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, J., concurs.
LETTS, J., dissents without opinion.