598 So.2d 263 (1992)
CASTLE CLUB CORP., etc., Appellant,
v.
LIBERTY INTERNATIONAL, INC., Appellee.
No. 91-2901.
District Court of Appeal of Florida, Third District.
May 12, 1992.
*264 Zack, Hanzman, Ponce & Tucker and Michael Hanzman, Miami, for appellant.
Litman, Muchnick, Wasserman & Hartman and Bonne Z. Scheflin, Hollywood, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Castle Club Corp. appeals from a final judgment and an order denying its motion for rehearing and a new trial. For the following reasons, we reverse.
In October, 1990, Liberty International, Inc., sued Castle Club for various causes of action that arose from the sale of kitchen and restaurant equipment. Castle Club answered, asserted affirmative defenses, and filed a counterclaim. The cause was set for trial beginning August 26, 1991, but was reset for September 23 and 24 at the request of Castle Club's new counsel, who had entered the case on August 12, 1991. Castle Club's counsel then filed a Notice of Conflict, as September 23 and 24 were Jewish holidays and both counsel and Castle Club's principal, Abe Hirschfeld, are Orthodox Jews. The cause was reset for October 21, 1991. On October 18, 1991, the attorney for Castle Club moved to withdraw, citing a breakdown in communication with his client, irreconcilable differences, and orders from his client to cease representing him. Counsel also filed a motion for continuance and to allow substitution of counsel. On the day the trial was set to begin, the trial court granted the attorney's motion to withdraw but denied the motion for continuance and ordered that the trial go forward as scheduled.
The matter was tried; final judgment was entered for Liberty International on its complaint and on Castle Club's counterclaim. Following an unsuccessful motion for rehearing and for a new trial, Castle Club appeals.
The trial court abused its discretion in denying Castle Club's motion for continuance while simultaneously allowing its counsel to withdraw the very day that trial began, thereby leaving the corporation unrepresented at trial. See Hub Financial Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985) ("Permitting trial counsel to withdraw on the day of trial without granting a continuance to permit appellant to obtain new counsel was an abuse of discretion. This was particularly egregious in the case of a corporation which cannot represent itself, but would be error in any event.") (citations omitted). See also Punta Gorda Pines Dev., Inc. v. Slack Excavating, Inc., 468 So.2d 438, 439 (Fla. 2d DCA 1985) (corporation must be represented by attorney when it appears in Florida courts). There is no evidence in the record that the prior continuances obtained in this case were engineered to prevent its orderly disposition, or that a further continuance would have been prejudicial. See Tsavaris v. Tsavaris, 244 So.2d 450 (Fla. 2d DCA 1971) (in absence of record support for finding of dereliction on wife's part that was prejudicial to orderly disposition of divorce action or prejudicial to court or other party, denial of wife's motion for continuance after granting her counsel leave to withdraw was abuse of discretion).
Accordingly, we reverse the final judgment under review and remand for a new trial.
Reversed and remanded for new trial.
*265 JORGENSON and LEVY, JJ., concur.
NESBITT, Judge (concurring):
I entirely agree with the court. I write only to observe that were the trial judge's perceptions of the last-minute discharge of counsel real, he would have been warranted in denying the motion to withdraw.