PER CURIAM.
This is an appeal of an order finding that the Miami Beach property of Marie Buscemi was not her homestead in 1992 and 1993. For the following reasons, we reverse.
Buscemi, who is more than 80 years old, alleges she maintained her homestead in Miami Beach in 1992 and 1993 even though at the time she was temporarily residing in Big Pine Key, which was closer to her medical treatments in Key West. The trial court held an evidentiary hearing on the issue on May 10, 1994. Prior to the hearing, on February 22, 1994, Buscemi’s attorney filed a motion to withdraw. The counsel cited irreconcilable differences and claimed Buscemi had obtained a new attorney who was in possession of the case file. The motion to withdraw was argued prior to the May 10 hearing to determine homestead; however, the trial court did not grant the motion until June 2, 1994. Buscemi’s then attorney was present at the homestead hearing but no other attorney for Buscemi appeared, despite the assertions in the motion to withdraw. Buscemi was not present at the homestead hearing but did submit a letter with attached affidavits to the trial court, which were not considered.
Under the circumstances of this case, the trial court should have granted the motion to withdraw by Buscemi’s attorney and then continued the hearing on the homestead issue so as to allow Buscemi an opportunity to obtain new counsel. Castle Club Corp. v. Liberty Int’l Inc., 598 So.2d 263 (Fla. 3d DCA 1992) (court abused discretion in not granting continuance while simultaneously allowing party’s counsel to withdraw on the day of trial); Behar v. Southeast Banks Trust Co., 374 So.2d 572, 574 (Fla. 3d DCA 1979) (“Normally, when counsel opens a hearing with a motion to withdraw, the better policy would be to grant the motion and continue the cause.... ”), cert. denied, 379 So.2d 202 (Fla.1980); see also Castellanos v. K-Mart Store, 632 So.2d 1057 (Fla. 3d DCA 1994); Hub Fin. Corp. v. Olmetti, 465 So.2d 618 (Fla. 4th DCA 1985). The record does not reflect that the defendant would have been prejudiced by allowing a continuance to obtain new counsel. Castle Club Corp., 598 So.2d at 263; compare Behar, 374 So.2d at 575 (trial court did not abuse discretion in refusing to grant continuance after withdrawal of counsel in light of past history of changing counsel to delay proceedings).
We reverse and remand with directions to hold a new evidentiary hearing to determine if Buscemi’s Miami Beach property was her homestead in 1992 and 1993.