PER CURIAM.
John F. Dunker and Waterfront Acres, Inc. appeal a final order dismissing their complaint as a sham. We reverse.
Plaintiffs filed a complaint alleging usury in connection with payments made to defendant/appellee Neil B. Calkins under a promissory note secured by a mortgage. Plaintiffs’ counsel moved to withdraw. At a hearing, the trial court granted the motion and allowed the plaintiffs twenty days within which to obtain new counsel. The trial court then immediately took up the defendant’s pending motion to strike the complaint as a sham, and granted the motion. The case had only been pending five months, and there were no exigent circumstances which required the motion to strike as sham to be heard immediately.
Under prior decisions, the trial court should have deferred action on the motion to strike as sham until plaintiffs obtained substitute counsel. See Buscemi v. 6060 Realty Corp., 654 So.2d 197, 198 (Fla. 3d DCA 1995); Castle Club Corp. v. Liberty International, Inc., 598 So.2d 263, 264 (Fla. 3d DCA 1992); Hub Financial Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985); Behar v. Southeast Banks Trust Co. N.A., 374 So.2d 572, 575 (Fla. 3d DCA 1979), cert denied, 379 So.2d 202 (Fla.1980). In view of this ruling, we need not reach the other points raised by appellants.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.