FULMER, Judge.
The receiver for United States Employers Consumer Selfinsurance Fund appeals from an adverse summary judgment. We reverse because the trial court abused its discretion in denying the receiver’s motion for continuance.
In February 1995, United States Employers Consumer Self-Insurance Fund (“USEC”) filed an action in Manatee County against appellees (“defendants”) to collect unpaid premiums for workers’ compensation insurance. On March 9,1995, the defendants filed a motion to dismiss followed by a motion for summary judgment filed on May 26,1995, together with a notice scheduling both motions for hearing on June 22, 1995. Meanwhile on May 16, 1995, the circuit court in Leon County entered an order appointing the Florida Department of Insurance as receiver for USEC, pursuant to which the collection claim became the property of the receiver. The order also discharged all agents and employees of USEC, including counsel who filed the collection claim. On June 19, 1995, the receiver filed a motion to continue the hearing on the defendants’ motion to dismiss and motion for summary judgment scheduled for June 22, 1995. The receiver’s motion to continue cited the order which had appointed the receiver and which also discharged USEC’s original counsel. The motion asked for a continuance of ninety days.
After a hearing, the trial court denied the receiver’s motion to continue and granted the defendant’s motion to dismiss and motion for summary judgment. In a motion for rehearing the receiver set forth a detailed chronology of events which, in relevant portion, are undisputed and require reversal. At the time of the summary judgment hearing, the case had been pending less than six months, no answers had been filed, the receiver had been appointed less than six weeks before the hearing, the receiver had not yet received a copy of the pleadings in the action and, through no fault of the receiver, had been given only seven days actual notice of the hearing.[1] Furthermore, the receiver had obtained evidence the day before the hearing which, although not filed because of insufficient time, appears to present a triable issue of material fact that may preclude summary judgment. The trial court denied the motion for rehearing.
We recognize that “the granting or denying of a motion for continuance is customarily within the discretion of the trial court” and that an appellate court should “refrain from substituting its judgment for that of the lower court absent an abuse of discretion.” Outdoor Resorts at Orlando, Inc. v. Hotz Management Co., 483 So.2d 2, 3 (Fla. 2d DCA 1985). We have reviewed the record to find support for the trial court’s rulings because the orders denying the mo *910 tion to continue and the motion for rehearing do not recite a basis. It appears from the record that the defendant did not assert prejudice and, given the procedural status of the case, we are unable to conclude that the defendant would have been prejudiced by a reasonable continuance. While we acknowledge that the absence of prejudice does not automatically preclude the denial of a continuance, under the particular circumstances of this case, we hold that summary judgment was entered prematurely and that the trial court abused its discretion by failing to grant a continuance.
Reversed and remanded.
CAMPBELL, A.C.J., and PARKER, J., concur.

. We note that the defendants provided proper notice to original counsel who, although discharged by the receiver order, never filed a motion to withdraw in this action. Nevertheless, original counsel’s failure to follow the directives ot the receiver order in a timely manner does not defeat the right of the receiver to have reasonable notice and time to prepare for the summary judgment hearing.