710 So.2d 601 (1998)
Nancy S. FLEMING, Appellant,
v.
Stephen K. FLEMING, Appellee.
No. 97-0341.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Edward D. Schuster of Kessler, Massey, Catri, Holton & Kessler, P.A., Fort Lauderdale, and Wayne Carson of Wayne Carson, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.
GUNTHER, Judge.
Appellant, Nancy Fleming ("Former Wife"), appeals from a final judgment dissolving her marriage. We reverse because the trial court abused its discretion in denying Former Wife's motion for continuance.
*602 In 1994, after almost twenty-two years of marriage and three children, Former Wife filed a petition for dissolution seeking equitable distribution, custody, child support, and rehabilitative alimony. Former Wife was assigned an attorney from Broward County Lawyers Care to represent her in the dissolution proceedings. On February 28, 1996, the parties appeared before the trial court for a final hearing. Because of confusion over the scope of the proceeding, Former Wife's attorney moved for a continuance, which the trial court granted.
On August 29, 1996, prior to the final hearing being reset, Former Wife's attorney was disbarred. By October 3, 1996, another attorney, who was also assigned by Broward County Lawyers Care, was representing Former Wife. On October 4, 1996, Former Husband requested that the final hearing be set. On October 11, 1996, the trial court set the final hearing for December 2,1996.
On October 25, 1996, Former Wife's new attorney moved for a continuance of the final hearing date stating that Former Wife's initial attorney had not prepared the case in a competent manner and that he required more time to cure the discovery defects and properly prepare the case for trial. On November 6, 1996, the trial court denied the motion for continuance without providing any reasoning for its decision. The final dissolution hearing took place on December 2,1996, as scheduled.
At the final hearing, Former Wife's attorney attempted to proffer the reasons why a continuance was needed by questioning Former Wife about the incompetence of her initial attorney. The trial court stated that the proffer sounded like a renewed motion for continuance and instructed Former Wife's attorney to move on. However, on cross-examination of Former Wife, Former Husband's counsel inquired about her initial attorney. Former Wife stated that in September 1996, her initial attorney returned her case file saying that he could no longer represent her. She also stated that her initial attorney had taken no depositions and that the financial records that had been obtained from Former Husband and his accountant were not in the case file when her initial attorney returned it.
At the final hearing, Former Husband testified that for most of the marriage he had worked as a shoe sales representative for various companies, earning between $35,000 to $65,000 per year. He stated that he was currently running his own business in which he manufactured his own line of shoes. He said he had hardly realized any profit from this business. He testified that his business lost approximately $250,000 in 1996 as a result of 65% of his sales being returned because of low quality. He also stated that he had produced many financial documents concerning his business to Former Wife's initial attorney. However, on cross-examination, he testified that he currently lived with his girlfriend in New York and that she paid the rent, which was approximately $4750 per month. In addition, he stated that on the occasions he came to Florida to see his children, his girlfriend paid for the hotel and rental car. Further, he testified that a sportswear magazine article concerning his line of footwear was incorrect in reporting that his first shipment in the last month of 1995 totalled $648,000.
The trial court granted the dissolution, determined child support based on the only guideline worksheet provided along with the parties' financial affidavits, and denied Former Wife's claim for rehabilitative alimony. It also did not award Former Wife permanent alimony, finding that she did not request it in her pleadings.
On appeal, Former Wife challenges only the denial of her motion for continuance. Due to inadequate discovery, she asserts that she is unable to attack the trial court's dissolution determinations because she lacks sufficient evidence to refute the findings as to Former Husband's financial condition.
In the instant case, the record contains no transcript of the hearing on the October 25,1996, motion for continuance. In addition, the trial court's order denying the motion for continuance does not provide any basis for its decision. As such, we reviewed the record of the final hearing to aid in determining whether the trial court abused its discretion in denying Former Wife's motion *603 for continuance. See United States Employers Consumer Self-Ins. Fund v. Payroll Transfers, Inc., 678 So.2d 908, 909-10 (Fla. 2d DCA 1996); Silverman v. Millner, 514 So.2d 77, 79 (Fla. 3d DCA 1987) (finding that upon denial of motion for continuance, movant is obliged to proceed with trial to allow an appellate court to be able to review the record to determine whether the trial court abused its discretion in denying the continuance).
"A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal." Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991); see Jean v. County Sanitation Inc., 596 So.2d 1245, 1246-47 (Fla. 4th DCA 1992). Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance. See Jean, 596 So.2d at 1246-47; Silverman, 514 So.2d at 78-79; Tsavaris v. Tsavaris, 244 So.2d 450, 452-53 (Fla. 2d DCA 1971).
The majority of cases finding that the trial court abused its discretion in denying a movant's motion for continuance either involve situations where the movant's attorney withdraws on the day of or a couple days before trial and a continuance is denied, or where counsel or a key witness becomes ill before trial preventing an adequate presentation of the case. See Castellanos v. K-Mart Store, 632 So.2d 1057, 1058 (Fla. 3d DCA 1994) (holding that trial court abused its discretion in denying movant's motion for continuance after allowing movant's counsel to withdraw on the day of trial); Jean, 596 So.2d at 1247; Castle Club Corp. v. Liberty Intern., Inc., 598 So.2d 263, 264 (Fla. 3d DCA 1992); Ziegler, 590 So.2d at 1067; Tsavaris, 244 So.2d at 452-53.
The circumstances of the instant case differ from those of the cases cited above. The instant case does not involve a motion for continuance being brought on the day of or a couple days before trial because of the withdrawal of an attorney or the illness of a key witness. Here, there is a longer period of time between the event precipitating the filing of the motion for continuance and the trial date. However, in this case the claim is that Former Wife's initial attorney did not properly prepare the case for trial, that he conducted inadequate discovery, and that the case file was missing financial documentation of Former Husband's business, which was of vital importance in attempting to determine Former Husband's income.
In addressing the factors to be considered in determining whether the trial court abused its discretion, we believe that the denial of the motion for continuance caused an injustice to the Former Wife. Her initial attorney returned her case file in September 1996 saying that he could no longer represent her. She stated that the case file did not contain any of the financial records that had been obtained from Former Husband and his accountant throughout the course of this proceeding. Without these financial records, Former Wife would not be able to establish whether Former Husband was being truthful about his financial situation. This is especially true where the Former Husband ran his own business, which he claimed was not very profitable.
In addition, the request for continuance was not the result of dilatory conduct on Former Wife's part. Once the new attorney had an opportunity to review Former Wife's case and then realized that adequate discovery had not been completed, he immediately moved for a motion for continuance. The cause of the request for continuance, that is, the first attorney's failure to prepare the case and his subsequent disbarment, was unforeseeable by Former Wife. Further, there was no evidence presented that Former Husband would suffer any prejudice or real inconvenience as a result of a continuance.
Although almost two months elapsed between the date Former Wife's attorney undertook representation of Former Wife and the final hearing date, we conclude that the *604 trial court abused its discretion in denying Former Wife's motion for continuance based upon the unique circumstances of this case. We are mindful of the trial court's broad discretion in these matters and are loathe to interfere with such discretion, but the denial of Former Wife's motion for continuance created an injustice in this case. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
STONE, C.J., and SHAHOOD, J., concur.