PER CURIAM.
William Strader (the Plaintiff) appeals the trial court’s dismissal with prejudice of his medical malpractice complaint. We agree that the trial court abused its discretion when it dismissed the complaint with prejudice as a form of sanctions and therefore, we reverse and remand.
The Plaintiff filed a medical malpractice complaint against Doctors Michael Zeide (Dr. Zeide) and Daniel Picard (Dr. Picard) *592 (collectively, the Defendants) alleging that his wife’s death was the result of the Defendants’ negligence.
During the pendency of the medical malpractice lawsuit, the Plaintiffs former girlfriend, whom he had dated after his wife’s death, contacted Dr. Zeide’s counsel. The former girlfriend claimed that the Plaintiff threatened her and her children if she were to testify or provide information that could interfere with the Plaintiffs lawsuit. The former girlfriend swore under oath in an affidavit that the Plaintiff had previously stalked her and threatened her, forcing her to obtain a restraining order against him. The former girlfriend stated that the Plaintiff remarked to her co-workers that he had taken out a life insurance policy on her and her children, naming himself as a beneficiary. She further attested to the Plaintiffs statement that he had a gun and she should watch out for a little red dot. She stated that she felt she was in grave fear for her life and for her children’s lives as a result of the Plaintiffs threats.
As a result of the former girlfriend’s affidavit, Dr. Zeide filed a motion for sanctions. The trial court scheduled an eviden-tiary hearing on the motion for sanctions. Before the hearing could take place, Dr. Zeide filed an emergency motion for protective order seeking to prevent the Plaintiff from attending the former girlfriend’s deposition. The motion alleged that the former girlfriend felt intimidated by the Plaintiffs presence, and that such intimidation would prevent her from testifying candidly. The trial court granted the motion for protective order and excluded the Plaintiff from attending the deposition.
Also set for hearing at the same time was the Plaintiffs attorney’s motion to withdraw and request that the court allow the Plaintiff 60 days to find new counsel. Although the trial court granted the motion to withdraw, the court denied counsel’s request to stay the proceedings until the Plaintiff could obtain new counsel. The next day, the Defendants took the former girlfriend’s deposition, even though the court ordered the Plaintiff not to attend, and the court denied the Plaintiff any time to retain counsel to attend the deposition on his behalf.
At the subsequent hearing on the motion for sanctions, defense counsel informed the court that the Plaintiff was not present at the hearing, despite receiving a notice of hearing, certified mail, return receipt requested. The trial court went forward with the evidentiary hearing. The only evidence the court considered was a copy of the former girlfriend’s affidavit and the transcript of her deposition, which was taken even though the trial court ordered the Plaintiff not to attend. Defense counsel argued that the most severe sanction was appropriate because the Plaintiff attempted to thwart the Defendants’ efforts to search for the truth.
The trial court found that, based upon “the uncontroverted evidence,” the Plaintiff attempted to “tamper with the testimony of a material witness,” through the threat of force and intimidation. The court stated that the Plaintiffs conduct was “outrageous and a direct threat to our system of justice.” Moreover, the court found that the Defendants would be unable to obtain a fair trial.
The Plaintiffs newly hired counsel sent the court a letter advising that the Defendants failed to notify him of any pending motions and requesting an additional hearing or rehearing on the matter so that counsel could present his argument to the court. The trial court deemed the letter a motion for rehearing and denied the same.
In reversing, we address the issue of whether the trial court abused its discretion by allowing the former girlfriend’s *593 deposition to go forward without granting a continuance or without granting the Plaintiff any time to obtain new counsel, and at the same time ordering the Plaintiff not to attend the deposition.
We review the trial court’s decision for an abuse of discretion. See Hub Fin. Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985) (this Court held that permitting trial counsel to withdraw on the day of trial without granting a continuance was an abuse of discretion where appellant, a corporation, could not represent itself).
In Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998), petitioner’s counsel was disbarred prior to the final hearing and another attorney had been appointed. The new attorney requested a continuance of the final hearing on the basis that the prior attorney had not prepared the case in a competent manner and that the new attorney needed time to cure discovery defects. Id. at 602. The trial court denied the motion for a continuance. This Court reversed and noted that the trial court must consider whether there was any prejudice to the moving party, whether the cause of the request for continuance was unforeseeable by the moving party and not the result of dilatory practices, and whether the opposing party would suffer prejudice or inconvenience as a result of the continuance. Id.
In this case, the request for a continuance came on the heels of Plaintiffs counsel’s motion to withdraw. We also note that the motion to withdraw was on the eve of the scheduled deposition of a material witness. The Plaintiff was prejudiced as a result of the trial court’s refusal to grant a continuance or to allow the Plaintiff additional time to retain new counsel. Without the benefit of counsel at the former girlfriend’s deposition, the Plaintiff was unable to conduct meaningful cross-examination which could have revealed any potential bias. To further exacerbate the situation, the trial court relied entirely on the former girlfriend’s testimony when it ruled on the motion for sanctions. This Court has noted that there are special circumstances which exist where the denial of a motion for continuance creates an injustice for the moving party and in such cases, it is the court’s obligation to rectify the injustice. Kamhi v. Waterview Towers Condo. Ass’n., 793 So.2d 1033 (Fla. 4th DCA 2001). We believe that this was one of those special circumstances which created a manifest injustice.
Since we believe that this issue is dis-positive, we decline to address whether the Plaintiffs actions warranted the ultimate sanction of dismissal with prejudice. Therefore, we reverse and remand.
REVERSED AND REMANDED.
GUNTHER, WARNER, JJ„ and STREITFELD, JEFFERY E., Associate Judge, concur.