PER CURIAM.
G.S. and R.S. appeal an order denying their petition for adoption of their granddaughter and a final judgment of adoption granting the petition of the child’s maternal aunt and uncle.
The Appellants complain that the trial court improperly granted their attorney’s request to withdraw from representation and denied their pro se motion to continue the adoption hearing so that they could hire new counsel.
The Appellants’ attorney moved to withdraw advising the court that he had lost' control of his clients after informing them that they would not prevail. Prior to the motion, and while the attorney was still counsel of record, the Appellants filed a 150-page pro se adoption petition. Not surprisingly, the trial court allowed the withdrawal. See Fisher v. State, 248 So.2d 479, 486 (Fla. 1971) (“We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval of the trial court. Approval by the trial court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court.”)
The motion for continuance was not made until the final hearing when all of the witnesses for the opposing side were present including one from out of state. Although only six days separated the order allowing withdrawal of the attorney *393 and the final hearing, much more time was available to them to seek replacement counsel when they began the process of preparing their lengthy adoption petitions. Additionally, the record does not indicate any contact with either the court or opposing counsel by the Appellants seeking a continuance before the previously established time for the final hearing. A trial court’s decision on a motion for continuance is reviewed on appeal under a standard of abuse of discretion. See Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998). We find no abuse in this record which reflects the Appellants’ desire for self-representation which has continued through this appeal.
The final judgment of adoption is AFFIRMED.
HARRIS, PETERSON and GRIFFIN, JJ., concur.