865 So.2d 682 (2004)
A.P.D. HOLDINGS, INC., a Florida Corporation, Appellant,
v.
Gary REIDEL, a/k/a Gary Westcott and Rachel Reidel, Appellee.
No. 4D02-5124.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*683 Alan M. Burger of Burger & Trailor, P.A., Miami, for appellant.
Amy J. Fisher and Chris B. Fisher of Chris B. Fisher, P.A., Fort Lauderdale, for appellee Rachel Reidel.
HAZOURI, J.
A.P.D. Holdings, Inc. (APD) appeals the trial court's order dissolving a writ of attachment. We reverse.
In October 2002, APD filed a Complaint against Gary and Rachel Reidel based on breach of a lease agreement. APD sought damages in an approximate amount of $20,000. On December 2, 2002, APD filed an Ex Parte Motion for Writ of Attachment seeking to attach certain property owned by Rachel Reidel that was located in the state of Florida. In conjunction with the motion, APD posted a surety bond with the clerk of court. The trial court granted the motion and ordered a writ of attachment. On December 19, 2002, Rachel Reidel filed a Motion for Immediate Dissolution of Writ of Attachment and Forfeiture of Bond. On that same day, she also filed a Notice of Hearing stating that a hearing on her motion for dissolution would be held on December 20, 2002 at 10:00 a.m.
On December 20, 2002, at approximately 8:45 a.m., APD filed a Motion to Continue Hearing and served a copy on the trial judge. APD requested that the hearing be continued in order for its president, Robert Dziurgot, to travel to Florida from Massachusetts. The motion stated that after receiving the notice of hearing, Mr. Dziurgot made a reservation on a flight to arrive in Fort Lauderdale at 10:22 a.m. on December 20th, approximately twenty-two minutes after the time that the hearing was scheduled to start.
The trial court denied the motion and the hearing took place as scheduled. At the close of the hearing, the trial court determined that the writ of attachment was invalidly obtained and immediately entered an order granting the motion and dissolving the writ.
APD argues that the trial court should have granted its motion for continuance. We agree. The denial of a motion to continue is governed by the abuse of discretion standard of review. See Geralds v. State, 674 So.2d 96, 99 (Fla.1996). Florida courts have held that it is reversible error to refuse to grant a motion for continuance where a party or his or her counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case. See Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991). In the instant case, APD requested the continuance so that Mr. Dziurgot could testify at the hearing regarding the basis for the writ of attachment. Due to the short notice, Mr. Dziurgot was physically unavailable and would not be available until after his arrival in Fort Lauderdale at 10:22 a.m.
In Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998), this court set out factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance. These factors include: whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience *684 as a result of a continuance. Id. at 603.
In the instant case, the denial of the continuance created an obvious injustice for APD. As the president of APD, Mr. Dziurgot had personal knowledge of the issues. It was his affidavit that had provided the basis for the issuance of the writ of attachment. In addition, his testimony was relevant to the statutory considerations outlined in section 76.24, Florida Statutes (2002), "Dissolution of Attachment."
Under the circumstances, the request for continuance was not the result of dilatory practices on the part of APD, but rather the result of the short notice of the hearing. Finally, even though the Reidels' counsel informed the trial court that he would not be available later that day to conduct the hearing due to other commitments, it is not clear that the Reidels would have suffered any prejudice as a result of continuing the hearing until later that day or the next business day. Based on these factors, we hold that the trial court abused its discretion in denying APD's Motion to Continue.
REVERSED.
POLEN and KLEIN, JJ., concur.