DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LISA HOGAN,**
Appellant,

v.

**MATTHEW ALOIA,**
Appellee.

No. 4D17-3529

[October 10, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2013-DR-005292-XXXX-SB.

Heather M. Kolinsky and Chad A. Barr of the Law Office of Chad A. Barr, P.A., Altamonte Springs, for appellant.

Kerry Loomis of the Law Office of Loomis & Loomis, P.A., Boca Raton, for appellee.

MAY, J.

Three issues are raised in this appeal from a child support modification order. First, whether the trial court correctly denied the former wife's last minute motion for continuance; second, whether the trial court erred in calculating the modified amount of child support; and third, whether the trial court erred in not ruling on the former wife's motion for attorney's fees. The former wife appeals the order.

We affirm the trial court's denial of the motion for continuance, but reverse the modification order and remand the case for further proceedings. The attorney's fees issue is not ripe for our consideration as there was no evidence introduced in support of the motion. The trial court may consider this issue upon remand.

The final judgment of dissolution incorporated a marital settlement agreement ("MSA"). Under the terms of the MSA, the former husband agreed to pay child support for three children, to be reduced as each became emancipated. It also ordered the former husband to pay alimony.

The trial court reduced the former husband's alimony and child support obligations in the summer of 2015 based on a substantial decrease in the former husband's income. Later that year, the former wife petitioned for modification of child support. In March, 2016, the former husband filed an answer and counter-petition, titled as a request for modification of child support and other relief, but requesting a decrease or termination of his alimony obligation only.

Two weeks before the scheduled trial on February 24, 2017, the former wife moved to continue the trial "for production of third party discovery, depositions, and hearing on temporary relief." According to the former wife, the court did not consider the motion until she filed a second motion on the day of trial. According to the former husband, the trial court denied the motion. The record does not contain an order denying the first motion.

On the day of trial, the former wife's counsel filed a second motion to continue, alleging that the former wife was too ill to attend and the former husband's deposition was canceled due to counsel's illness. She referenced her prior motion to continue, and attached a nurse practitioner's note excusing the former wife from work until February 25.

The former husband claimed that the former wife was not sick and provided pictures and a video of her taken by a private investigator. The former wife's counsel also moved to withdraw due to irreconcilable differences. The court then issued an order to show cause against the former wife for failing to appear.

The former wife appeared for the hearing on the order to show cause on February 27, at which time, the trial court found the former wife was not in contempt. The court also granted counsel's motion to withdraw. The court reset the trial for March 2, 2017, and indicated that the "[f]inal hearing will proceed whether or not the [f]ormer [w]ife obtains new counsel. There will be no further continuances of this hearing."

At the trial, an attorney, representing the former wife on another matter, requested a continuance. He advised the court that he had been in touch with another attorney to represent the former wife, but that attorney needed more time to prepare. Counsel told the court that the new attorney was willing to speak with the court and provided his cell phone number. The trial court expressed its appreciation, but stated that the trial was going forward that day.

The former wife then proceeded pro se. She told the court that she felt

her due process rights were being violated because she was unable to retain counsel who could prepare in such a short time. The trial court reflected on the history of the case and confirmed that trial had been initially set for December 9, 2016, but had been continued due to an unrelated courtroom problem, and this was the third trial date set.

Counsel for the former husband reminded the court of its admonition that there would be no further continuances. He reminded the court that the former wife's attorney withdrew because the former wife had not been truthful. Under these circumstances, he argued the case should not be continued.

The court denied the motion for continuance. The former wife indicated that her former attorney had her file and that she had "very few things." She explained that her attorney had been planning to withdraw for months because she had not been paid. She complained that she had requested attorney's fees, but never received them.

Counsel for the former husband advised the court that the former wife's attorney "said that she copied her client on absolutely everything," but the former wife denied that representation. The trial court announced that the trial would proceed with the former wife representing herself. Counsel for the former husband provided the former wife with a copy of her petition. The only witnesses were the parties themselves.

- ### *The Continuance Issue*

The former wife argues the trial court erred in denying her motion for continuance after her attorney was allowed to withdraw. She claims her motion resulted from unforeseeable circumstances, was not dilatory, and caused no prejudice to the former husband. The former husband responds that the former wife did not actually request a continuance on the day of trial and instead complained that her previous request for a continuance was not granted. To the extent the former wife sought a continuance, the former husband's counsel argued the trial court properly denied the motion given the former wife's history of dilatory tactics and her untruthfulness about her prior failure to appear.

We review orders denying continuances for an abuse of discretion. *A.P.D. Holdings, Inc. v. Reidel*, 865 So. 2d 682, 683 (Fla. 4th DCA 2004).

Three factors should be considered when ruling on a motion for continuance. *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998). First, whether denying the motion creates an injustice for the movant. *Id.*

3

Second, whether the reason for the request is unforeseeable and not the result of dilatory practices. *Id.* And third, "whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance." *Id.*

Where a movant can retain counsel, or has ably represented him or herself in a case not involving complicated financial matters, a denial of a request for continuance does not result in an injustice. *See Lee v. Lee*, 751 So. 2d 741, 743 (Fla. 1st DCA 2000).

Was there an injustice to the former wife? Here, the former wife admitted knowledge that her attorney was going to withdraw because she had not been paid in months. This hearing was limited to a modification of child support and the only two witnesses were the parties themselves.

Was the reason for the request unforeseeable and not the result of dilatory tactics? The former wife could easily foresee her attorney withdrawing. She failed to appear at the prior trial while represented, which the trial court could easily consider dilatory.

Was the former husband prejudiced or inconvenienced? The record does not reflect any specific prejudice, but it does reflect that the former wife's actions had resulted in a missed trial date, a hearing on an order to show cause, and a reset trial date. Surely, the former wife's actions inconvenienced the former husband and his counsel. And, the trial court clearly advised the former wife there would be no further continuances when he reset the trial and declined to hold her in contempt for missing the first trial date.

While another trial judge may have granted a continuance, we cannot say that no reasonable judge under these circumstances "could differ as to the propriety of the action." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980). For this reason we affirm on this issue.

- ### *Modification of Child Support Issue*

The former wife raises a myriad of issues in the trial court's recalculation of child support. In a nutshell, the sub-issues boil down to the court's calculation of the parties' incomes, and the court's failure to: (1) begin the child support determination with the child support guidelines for two children; (2) consider the unique living situation of one of the

4

children[1]; (3) provide written reasons for deviating from the guidelines; and (4) attach a guidelines worksheet to the judgment. The husband responds that the wife's claims really turn on the court's credibility determinations, and suggests there was no error in the calculation of child support. He further responds that a guidelines worksheet was filed with the court.[2]

We review a trial court's decision to modify child support for an abuse of discretion. *Escobar v. Escobar*, 76 So. 3d 958, 960 (Fla. 4th DCA 2011). "The trial court's imputation of income must be supported by competent, substantial evidence." *Sallaberry v. Sallaberry*, 27 So. 3d 234, 236 (Fla. 4th DCA 2010).

"In determining child support, a trial court must either follow the statutory guidelines or give reasons explaining any deviation. In either event, the guidelines are the starting point for the determination." *Morrow v. Frommer*, 913 So. 2d 1195, 1197 (Fla. 4th DCA 2005) (internal citations omitted). Section 61.30, Florida Statutes (2017), provides in pertinent part:

> (1)(a) The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support . . . . The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5

---

[1] In January 2017, a juvenile court judge entered an order directing the clerk of the court "to adjust the depository records to reflect child support for only one child (M.A.) . . . effective as of August 30, 2016." This appears to have been based on a second child (K.A.) being placed at Boystown in Nebraska as a result of an unrelated juvenile court matter.

[2] Before we analyze the court's calculation of child support, we note the former wife does not challenge the trial court's implicit finding of a substantial change in circumstances and does not raise any due process concerns (other than self-representation). And, although the parties' son was a minor when the former wife filed her modification petition, she does not challenge the trial court's failure to award increased retroactive support for him from the time the petition was filed up to the time he turned eighteen years old.

percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.

§ 61.30(1)(a), Fla. Stat. (2017). Section 61.30(11)(a) provides grounds upon which the court may deviate.

The Fifth District's opinion in *Crouch v. Crouch*, 898 So. 2d 177, 178 (Fla. 5th DCA 2005) is helpful in reviewing this issue. There, the Fifth District held "the [trial] court failed to make adequate findings as to earning ability of each parent and failed to determine a guideline amount before ultimately exercising its discretion to deviate from the guideline support." *Id.* at 181. *Crouch* emphasized that a trial court must begin with the child support guidelines and consider the applicable statutory factors before it can exercise its discretion to deviate.

Here, the trial court made the same mistake in calculating child support. First, the trial court erred in its calculation of the parties' income because the testimony did not support the rental income assessed to the former wife. It appears the trial court split the baby between the parties' testimony regarding the time share rental to arrive at the former wife's income. *See Vanzant v. Vanzant*, 82 So. 3d 991, 992-93 (Fla. 1st DCA 2011) (finding trial court erred in "split[ting] the difference" in valuations put forth by the parties).

Second, the trial court did not begin its calculation with the presumptive guidelines amount for the two minor children. Rather it set a child support amount only for M.A., and then found it was "fair and equitable" for the parents to share the tuition costs for K.A. Third, the trial court failed to make the requisite findings supporting its deviation from the child support guidelines.

And fourth, the court failed to attach a child support guidelines worksheet to the judgment. The amended final judgment in the record does not have a child support guidelines worksheet attached to it, although it references such an attachment.[3] The failure to attach the worksheet is error. *See R.M. v. R.C.*, 227 So. 3d 160, 161 (Fla. 2d DCA 2017).

---

[3] The transcript reflects that exhibits titled "Proposed Child Support Guidelines" were identified as exhibits, but not entered into evidence. The former husband claims the worksheet was entered into evidence and filed with the clerk, but fails to provide a record citation.

We therefore reverse and remand the case to the trial court to recalculate the child support.  *See, e.g., Augoshe v. Lehman*, 962 So. 2d 398, 403 (Fla. 2d DCA 2007).  The trial court may take additional evidence if necessary to make findings regarding the former wife's rental income. *See Rentel v. Rentel*, 124 So. 3d 993, 994 (Fla. 4th DCA 2013).

- ***Attorney's Fees Issue***

The former wife argues the trial court failed to rule on her request for attorney's fees, temporary and otherwise, under section 61.16, Florida Statutes.  She asserts that the parties' testimony supported an award, as she had a need and the former husband had an ability to pay.  The former husband responds that the former wife failed to introduce evidence related to attorney's fees at the final hearing.

In her modification petition, the former wife sought attorney's fees.  She moved three times for temporary attorney's fees and costs over a three-month time period.  Two weeks before the February 24 trial date, she moved for continuance, and alleged that her request for fees was never heard due to court availability.  She further alleged the court struck her motion for temporary fees without prejudice in February 2017 because she was unavailable for a deposition.  The former wife filed another motion for temporary fees ten days before the February 24 trial date.

There are no orders on these motions in the record.  During trial, the former wife did not present any evidence of attorney's fees or request them. In short, the trial court was in no position to award the former wife attorney's fees where no evidence was presented on the matter.  This does not preclude the court from awarding fees upon remand.

*Affirmed in part; Reversed and remanded in part.*

GERBER, C.J., concurs.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I respectfully dissent and do so by first observing the exasperation that every trial judge is sure to face during one's judicial career as it relates to strategic case management.  As a trial judge, I came to understand that the best laid trial organizational plans can quickly go awry—particularly in a contentious matrimonial setting where one of the parties is unrepresented.

7

A well-prepared trial judge abhors trial management uncertainty, and thus unexpected trial delays brought on by a careless and unsophisticated pro se litigant tests the composure of the wisest and most patient of jurists.

Simply put, on the record before us, the trial court erred in denying the former wife's motion for a continuance which resulted in a denial to the former wife of her right to adequately present her case and be heard.

In denying the motion for continuances the trial judge made the following findings:

> This is the third time that we've been set for trial. For the majority of that time the former wife did have counsel. . . . On the eve of trial, counsel for the former wife withdrew. We reset trial. I instructed the former wife that she must have counsel or be prepared to go to trial on her own. It is now 11:20. We're set for trial. The former wife is here without counsel. I had previously told her that we were going to go to trial with or without counsel because this matter had been reset so many times.

As the majority correctly explains, our analysis revolves around three factors: "whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance." *Fleming*, 710 So. 2d at 603.

Here, the former wife's motion for continuance was based on her lack of representation at the final adjudicatory hearing coupled with her inability to retain an attorney on, as the trial judge characterized it, "the eve of trial." The former wife's attorney's motion to withdraw was filed six days before trial and granted three days before trial. The former wife's attorney, while before the court on another matter, expressly informed the court that another attorney would substitute in to represent the former wife if the matter could be continued. Indeed, the former wife informed the court that—predictably—no one would take her case without a continuance.

Ready or not, the trial court forced the former wife to proceed for the first time in the post-divorce litigation without a lawyer. The former wife was woefully unprepared to adequately present her case or present legally sound argument. The transcript of the final hearing reflects that the former wife did not understand courtroom procedure and the rules of

8

evidence. In fact, she did not present any evidence in support of her request for attorney's fees apparently because she did not know she had to do so or how to do it. Under these circumstances, denial of the motion for continuance created an injustice. *See Riley v. Riley*, 14 So. 3d 1284, 1286-88 (Fla. 2d DCA 2009) (finding denial of motion for continuance worked an injustice where husband's attorney withdrew days before trial, husband sought a continuance and representation on same day he was advised his attorney had withdrawn, and husband's failure to set motion for hearing prior to trial date showed he was not competent to represent himself).

The majority suggests that there was no injustice to the former wife because she "admitted knowledge that her attorney was going to withdraw because she had not been paid in months." The majority refers to a statement the former wife made in passing on the morning of the March trial date. But respectfully, the former wife's statement was devoid of context and in no case was it clear when counsel told the former wife that she planned to withdraw, whether counsel actually threatened to withdraw, or whether the former wife simply worried that counsel would withdraw (if temporary fees for her were not granted).

The majority also opines that no apparent injustice occurred because the trial was limited to the issue of modification of child support and the parties were the only witnesses. As evidenced by the trial transcript and the pleadings, this case involved child support arrearages, the calculated amount of ongoing child support payments under the statutory guidelines, and imputation of income including purported receipts by the former wife as to her interest in a Disney Vacation Club timeshare which encompassed a dispute as to net proceeds when considering administrative costs of the timeshare. With due respect to the majority, while "the only two witnesses were the parties themselves," that factor is beside the point. The involuntarily self-represented former wife was no match for the former husband's attorney.

As to the second factor for our consideration, whether the reason for the continuance was foreseeable and the request a dilatory tactic, the majority contends that the trial court "could easily consider" the former wife's failure to appear at the earlier February trial date which the former wife's attorney informed the court was because of the former wife's illness. Ironically, there is no indication in the record that the court found any of the former wife's actions to be dilatory.

Instead, the trial court relied on the fact that trial had been reset "so many times," seemingly ignoring that the first continuance was not

9

chargeable to either of the parties. Additionally, as reasoning for its denial of the former wife's motion for continuance, the trial court reminded the former wife that the court had earlier decreed that the trial would proceed in three days whether she was represented or not. This was a legally insufficient basis upon which to strip the former wife of her choice to be represented by an attorney.

Finally, with respect to the third issue for our consideration, prejudice to the non-moving party, there was no record evidence of any nature whatsoever showing that the former husband would have been prejudiced by a continuance. In fact, the majority concedes that the "record does not reflect any specific prejudice . . ."

Yes, as countenanced by the majority, it was more convenient (and most of the time within the court's complete discretion) to deny any further continuances and finally bring this matter to a conclusion. But given the undisputed facts of this situation, our civil justice system that guarantees fairness and due process, required that the trial court simply move on to another case in the queue, during which time the former wife could familiarize her newly-hired attorney with the ongoing post-divorce litigation. To do otherwise, in my opinion, was an abuse of the trial court's discretion, especially given the apparent ease by which it could have been done.

I would reverse and remand this matter to the trial court with instructions to grant the former wife's request to be represented by the attorney with whom she consulted and who she was prepared to hire but for the trial court's exasperation.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

10