# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1128
Lower Tribunal No. 19-13215
_____

**Johnny Saffar, et al.,**
Appellants,

vs.

**Shiran Atias, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Stok Kon + Braverman, and Yosef Kudan, Robert A. Stok and Joshua R. Kon (Fort Lauderdale), for appellants.

Christopher S. Salivar, P.L.L.C., and Christopher S. Salivar (Delray Beach), for appellee Premier Title Services, LLC.

Before SCALES, LINDSEY and GORDO, JJ.

SCALES, J.

Appellants Johnny and Alexandra Saffar (together, "the Saffars"), the plaintiffs below, seek appellate review of the trial court's May 31, 2022 final order dismissing their operative amended complaint with prejudice as a sanction for the Saffars's failure to comply with various pre-trial orders ("Dismissal Order"). The Dismissal Order granted the Florida Rule of Civil Procedure 1.420(b) motion for an involuntary dismissal filed by the co-defendant below, co-appellee Premier Title Services, LLC ("Premier").[1] The Saffars also challenge the trial court's May 18, 2022 order granting their trial counsel's motion to withdraw as attorney of record ("Withdrawal Order"). We affirm the Withdrawal Order without discussion. For the following reason, though, we reverse the Dismissal Order.

On May 9, 2022, the Saffars's trial counsel filed a motion to withdraw as attorney of record. Later that same day, Premier filed its rule 1.420(b) motion for an involuntary dismissal, alleging therein that the trial court should dismiss the case as a sanction because the Saffars had failed to: (i) attend court-ordered mediation; (ii) comply with a pre-trial discovery order; and (iii) file pre-trial disclosures. On May 18, 2022, the trial court granted the Saffars's counsel's withdrawal motion and entered the Withdrawal Order.

---

[1] Co-appellee Shiran Attias, the co-defendant below, neither joined Premier's rule 1.420(b) motion nor filed an answer brief in this appeal.

The trial court's Withdrawal Order expressly gave the Saffars thirty days from the date of the order to retain new counsel. Within that thirty-day time frame, however, the trial court proceeded to hear and adjudicate Premier's rule 1.420(b) motion and enter the Dismissal Order.

The trial court should have deferred action on Premier's rule 1.420(b) motion during the thirty-day window that the Withdrawal Order provided for the Saffars to obtain new counsel. See Affordable Contracting, Inc. v. Santarsiere, 693 So. 2d 1123, 1123 (Fla. 3d DCA 1997) (concluding that, after the trial court granted defense counsel's motion to withdraw and allotted the defendants time to obtain new counsel, the trial court should have deferred ruling on a pending motion concerning the defendants' alleged discovery violations during the allotted time period); Dunker v. Calkins, 691 So. 2d 1090, 1090 (Fla. 3d DCA 1996) ("At a hearing, the trial court granted the motion [to withdraw] and allowed the plaintiffs twenty days within which to obtain new counsel. . . . Under our prior decisions, the trial court should have deferred action on the motion to strike as a sham until plaintiffs obtained substitute counsel."). We, therefore, reverse the Dismissal Order and remand for further proceedings.[2]

Affirmed in part; reversed in part; and remanded.

---

[2] We express no opinion on the merits of Premier's rule 1.420(b) motion.