DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RADICA HARRIPERSAD,**
Appellant,

v.

**LAKE PARK GARDENS #1, INC.,** a condominium,
Appellee.

Nos. 4D2023-0318 and 4D2023-0319

[November 15, 2023]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Robinson, Judge; L.T. Case Nos. CACE20-11497 and CACE20-10884.

Herbert B. Dell of Herbert B. Dell, P.A., Fort Lauderdale, for appellant.

Scott R. Shapiro of Straley | Otto, Fort Lauderdale, for appellee.

PER CURIAM.

We consolidate these cases for purposes of this opinion. Appellant challenges the entry of partial summary judgments against her in two related cases. She claims that the trial court erred by enforcing a settlement agreement against her as to both cases without an evidentiary hearing to determine whether a settlement had been reached, and by enforcing the settlement at the same hearing in which the court allowed her prior attorney to withdraw, leaving her unrepresented. Appellant argues this was a denial of due process. We agree.

When parties dispute whether a settlement agreement has been reached, they are entitled to an evidentiary hearing. *Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd.*, 933 So. 2d 732, 733–34 (Fla. 2d DCA 2006). Further, the trial court erred by allowing appellant's counsel to withdraw at the same hearing that the court considered the motion to compel appellant to sign the settlement agreement, thus leaving appellant unrepresented. *See Buscemi v. 6060 Realty Corp.*, 654 So. 2d 197, 198 (Fla. 3d DCA 1995). Commendably, appellee has filed a notice that it does not contest these issues. We therefore reverse and remand for further proceedings.

*Reversed and remanded.*

WARNER, MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**