DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIEULINE ALERTE,**
Appellant,

v.

**WILNY DACEUS,**
Appellee.

No. 4D2025-1413

[April 22, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A Garrison, Judge; L.T. Case No. 502025SC004989XXXAMB.

Dieuline Alerte, Delray Beach, pro se.

No brief filed on behalf of appellee.

PER CURIAM.

In this small claims case, the defendant, proceeding pro se, appeals a default final judgment entered after she failed to appear at a pretrial conference and the trial court's subsequent denial of her motion to continue. We reverse.

The day before the scheduled pretrial conference, the defendant filed a written request to reschedule, stating that there had been a death in her family. The following day, the trial court entered a default final judgment based on her nonappearance. Several days later, the trial court then denied her motion to reschedule.

A motion for continuance is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998). However, in exercising that discretion, courts consider whether the reason for the continuance was unforeseeable and not the result of dilatory practices, whether denial would result in injustice, and whether the opposing party would suffer prejudice. *Id.*

Applying those principles here, we conclude that the denial of the continuance constituted an abuse of discretion. The defendant notified the trial court prior to the hearing that she could not attend due to a death in the family—an event that is inherently unforeseeable and, in the record before this court, not suggestive of dilatory conduct. The denial of the continuance resulted in the entry of a default judgment, effectively depriving the defendant of any opportunity to be heard on her motion to continue or otherwise present a defense. Nothing in the record suggests that granting a brief continuance would have prejudiced the plaintiff or disrupted the proceedings even to simply verify the veracity of the defendant's motion.

While the defendant's motion was brief and lacked detail, this case arises in the small claims context and involves a self-represented litigant who provided advance notice of circumstances which appeared to have been beyond her control. Under these circumstances, the trial court's refusal to continue the hearing and its entry of a default judgment constituted an abuse of discretion.

Accordingly, we reverse the default final judgment and remand for further proceedings.

*Reversed and remanded.*

GROSS, CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

2