863 So.2d 398 (2003)
Diana TAYLOR, Appellant,
v.
INSTITUTE FOR MEDICAL WEIGHT LOSS and Gary W. Mallow, M.D., Appellees.
No. 4D03-1280.
District Court of Appeal of Florida, Fourth District.
December 24, 2003.
Robert Garven, Coral Springs and Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.
Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellees.
*399 HAZOURI, J.
Appellant, Diana Taylor, appeals from an entry of a final judgment against her in favor of appellees, Dr. Gary Mallow and the Institute for Medical Weight Loss, in a medical malpractice action against them. We reverse.
Taylor filed her complaint for medical malpractice against appellees on May 4, 1998. The complaint included an opinion letter from Dr. Stephen Deutsch asserting the appellees' breach of the accepted standard of care. The letter indicates that Dr. Deutsch was trained in psychiatry and psychopharmacology and was a member of the American College of Neuropsychopharmacology. It was alleged in the complaint that appellees treated Taylor for her obesity by prescribing "pfen fen" without considering her medical history, which resulted in an exacerbation of her mental condition. Appellees answered the complaint, denied the allegations, and asserted various affirmative defenses.
Taylor filed her first Notice to Set Cause for Trial by Jury on April 16, 2001. The case was set for calendar call starting October 22, 2001. On August 13, 2001, Taylor disclosed her expert witness for trial, Dr. Deutsch, who would testify concerning causation and deviation from the accepted standard of care. Dr. Deutsch was the only physician listed by Taylor on the issue of standard of care.
The case did not go forward to jury trial in October of 2001 because Taylor was unable to schedule the deposition of appellee, Dr. Mallow, in a timely fashion and subsequent thereto the trial court granted appellees' motion to stay because of the insolvency of the appellees' insurance carrier. That stay was entered on September 11, 2001, and not lifted until September 25, 2002. At that time Taylor again noticed the case for trial and it was reset for calendar call February 14, 2003, for the trial period from February 24 through March 14, 2003.
On February 11, 2003, Taylor filed a motion to continue the trial because her counsel had just recently been advised by Dr. Deutsch[1] that he was unwilling to participate further in the proceedings and would be unwilling to testify either by way of deposition or at trial. Taylor's counsel advised the trial court that he could not obtain any explanation from Dr. Deutsch as to why he suddenly was unwilling to testify in the cause and after a brief telephone conversation with Dr. Deutsch, he refused to return any telephone calls or respond to any letters of inquiry. There is no evidence to suggest that Taylor's counsel could have anticipated Dr. Deutsch's lack of cooperation and decision to withdraw from acting as an expert witness prior to this "eleventh hour" decision. The trial court denied the motion for continuance. Thereafter, Taylor's counsel was able to obtain the services of Dr. Abbey Strauss as an expert witness on the standard of care. However, appellees moved to strike Dr. Strauss as a witness as the time for listing expert witnesses as prescribed by the pre-trial order had long since passed. The trial court granted the appellees' motion to strike Dr. Strauss.
On February 24, 2003, Taylor filed her renewed motion to continue the trial and motion to reconsider the striking of the expert witness, Dr. Strauss. A hearing was held the morning just preceding the start of the trial and the trial court denied both motions. The trial court then dismissed the action, treated the dismissal as *400 an adjudication on the merits and entered final judgment in favor of the appellees on February 27, 2003.
The decision to grant or deny a continuance is within the trial court's discretion and that decision will not be disturbed on appeal absent an abuse of discretion. See O.S. v. Dep't of Children and Families, 821 So.2d 1145, 1149 (Fla. 4th DCA 2002). In Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998), this court held:
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Id. at 603.
Under the facts of the instant case there can be no question that the denial of the continuance created an injustice for Taylor. It also appears that from the statements made to the court by Taylor's counsel that Dr. Deutsch's refusal to appear and perform his part of the contract to testify as an expert was unforeseeable. There also was no evidence or suggestion that Taylor's counsel was engaged in any type of dilatory practice. Just the opposite is true. This matter had been stayed for approximately one year upon appellees' motion to stay the proceedings because of the insolvency of the appellees' insurance carrier. It wasn't until September 25, 2002, when Taylor filed a motion to lift the stay that this matter was reset for trial. And, finally, there was no showing that the appellees would suffer any prejudice or inconvenience as a result of the continuance.
Although we recognize that trial judges have wide latitude in exercising their discretion as to whether to grant a continuance, that discretion is not unbridled. If there had been evidence that Taylor's counsel had knowledge much earlier in the proceedings that Dr. Deutsch would not be cooperative, then the trial judge would have been justified in denying the motion to continue. However, in the instant case, there was no misconduct on the part of Taylor's counsel nor any dilatory practice on his part and with Dr. Deutsch being his sole expert witness on the standard of care, the trial court's denial of Taylor's motion to continue was a clear abuse of discretion. We, therefore, reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and GROSS, JJ., concur.
NOTES
[1] Dr. Deutsch resided and practiced in the Washington, D.C., area and had been retained by Taylor's counsel in 1998.