FARMER, J.
A spouse appeals a final judgment of dissolution of marriage, complaining that the trial court’s denial of her motion for a continuance effectively prevented her from presenting her case at trial. We find no abuse of discretion.
Within nine months from the initiation of the dissolution proceeding, two attorneys had withdrawn from representing the wife. She conditionally hired a third attorney who, because of a conflict, would represent her only if the judge continued the trial. After a hearing, the trial court denied her motion. Consequently, she represented herself at trial.
“The decision to grant or deny a continuance is within the trial court’s discretion and that decision will not be disturbed on appeal absent an abuse of discretion.” Taylor v. Inst. for Med. Weight Loss, 863 So.2d 398, 400 (Fla. 4th DCA 2003). In determining whether the trial judge has abused his discretion, a reviewing court should consider “whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.” Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998).
In this case, although her attorney withdrew six days before trial, “the withdrawal of an attorney does not give the client an absolute right to a continuance.” Cole v. Heritage Comtys., Inc., 838 So.2d 1237, 1238 (Fla. 5th DCA 2003). She had been unable to work with two previous attorneys, the second attorney lasting only two weeks.
A denial of a continuance should not be reversed unless there has been an abuse of discretion clearly appearing in the record. While the trial court might have suffered through another delay caused by bringing in a third lawyer, appellant does not point us to some compelling reason appearing in the record as to why it would be an abuse of discretion to decline to do so. Based on this record, we cannot say that no judge in his right mind would have denied the continuance. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.”). We therefore find no abuse of discretion in denying the motion.
*530 STEVENSON, C.J., and BROWN, LUCY CHERNOW, Associate Judge, concur.