NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VANESSA JOAN RAMADON,      )
                           )
        Appellant,         )
                           )
v.                         )  Case No. 2D14-5843
                           )
RICHARD RAMADON,           )
                           )
        Appellee.          )
                           )
_____)

Opinion filed February 17, 2017.

Appeal from the Circuit Court for Lee
County; G. Keith Cary, Judge.

Jennifer S. Carroll of the Law Offices of
Jennifer S. Carroll, P.A., Palm Beach
Gardens, for Appellant.

Reuben A. Doupé of Klaus Doupé P.A.,
Naples, for Appellee.


SLEET, Judge.

        Vanessa Ramadon, the Former Wife, challenges the trial court's final

judgment of bifurcated issues related to the dissolution of her marriage to Richard

Ramadon, the Former Husband.  The trial court previously entered a final judgment

dissolving the marriage but bifurcating and reserving for a later time the resolution of the

financial issues of equitable distribution, alimony, and attorney fees and costs.  Prior to

the final hearing on the bifurcated issues, the Former Wife moved for a continuance, but

the trial court denied the motion. Because this resulted in an injustice to the Former Wife, we reverse.

In 2003, after twenty-seven years of marriage, the Former Husband filed for dissolution. In 2004, the Former Wife filed a counterpetition, seeking alimony and an equitable distribution of the parties' assets. The litigation between the parties dragged on for six more years before the trial court entered a final judgment dissolving the marriage on April 13, 2010. On that same day, the trial court entered an order on judicial case management, appointing a forensic accountant and directing the parties to

> comply with the requests of the forensic account[ant] as they apply to this matter, including but not limited to requests involving . . . (a) the parties' assets; (b) the value of the parties' assets to include appraisals if necessary; (c) the accountant's determination of money and funds that currently exist and have existed in the past; (d) the accountant's determination of where any missing money may have gone; [and] (e) the accountant's evaluation of the parties' debts.

On March 9, 2011, upon the Former Wife's motion for temporary attorney fees and costs, the trial court entered an order granting the motion, again directing the parties to obtain a forensic accounting, and ordering the Former Husband to pay $10,000 toward the accountant fees and $15,000 toward the Former Wife's attorney fees. In April 2012, the Former Husband was found in contempt for willfully failing to pay these fees.

At the contempt hearing, the trial court and the parties acknowledged that some financial evaluation had been conducted, but the trial court stated that "the accounting has never been good on [the Former Husband's] corporation." The court further noted that a financial accounting of the corporation was required to determine its value and whether it was a marital or nonmarital asset. The Former Husband testified

- 2 -

at the hearing that he had not yet provided all of his business financial records for an accounting in conjunction with the trial court's previous orders.

On April 3, 2013, the trial court found that the Former Husband had failed to make any temporary support payments to the Former Wife from 2011 through February 2013, resulting in a temporary support arrearage of $36,000. The court, however, ruled that the arrearage amount would be dealt with in the equitable distribution determination at the final hearing.

On March 5, 2014, upon a motion by the Former Husband seeking a partial equitable distribution of the parties' marital real estate, the trial court awarded the Former Husband a house purchased during the marriage which was valued at $325,000 and which the Former Husband stipulated was a marital asset. The trial court noted that this distribution "shall be incorporated and included in the future equitable distribution of all other marital assets and liabilities" and that it did not amount to "a finding of an unequal distribution in favor of either party."

In August 2014, less than two months before the scheduled final hearing, the Former Wife filed several motions, including a motion to continue and a motion to order the Former Husband to pay her legal fees and costs, which would include the accounting fees. The Former Husband had still not provided his business financial records for a forensic accounting. During the motions hearing, an accountant retained by the Former Wife testified that the Former Husband had not turned over his financial documents and that such documents were essential to the accounting. The accountant further testified that he would require $15,000 to perform the accounting and that he would not be available to do the work until the middle of October 2014. The court denied all of the Former Wife's motions.

Less than one month before the final hearing, the trial court granted a motion to withdraw filed by the Former Wife's attorney. Within two weeks, the Former Wife had retained a new attorney who entered a limited appearance and filed an urgent motion to continue the final hearing to allow new counsel time to prepare for trial. The motion specifically alleged the need for the forensic accounting of the Former Husband's business. That motion was denied.

Ultimately, the Former Wife appeared at the final hearing telephonically and without legal representation. The trial court, however, would not allow her to argue the need for a continuance based upon the lack of an accounting and would not permit testimony from her due to her violation of a previous order by the trial court to appear at the hearing in person. Although the trial court acknowledged that the Former Wife was appearing pro se, it did not inform her of her right to represent herself, present evidence, or argue on her own behalf. The Former Wife, being unable to testify, did not present any evidence, and the court dismissed her counterpetition by granting the Former Husband's motion for directed verdict. The trial court did not revisit the issues of the equitable distribution of the $325,000 home to the Former Husband or the Former Husband's $36,000 support arrearage.

On appeal, the Former Wife argues that the trial court abused its discretion by denying her motion for continuance. See Cargile-Schrage v. Schrage, 908 So. 2d 528, 529 (Fla. 4th DCA 2005) ("The decision to grant or deny a continuance is within the trial court's discretion and that decision will not be disturbed on appeal absent an abuse of discretion." (quoting Taylor v. Inst. for Med. Weight Loss, 863 So. 2d 398, 400 (Fla. 4th DCA 2003))).

In determining whether the trial judge has abused his [or her] discretion, a reviewing court should consider "whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance."

Id. (quoting Fleming v. Fleming, 710 So. 2d 601, 603 (Fla. 4th DCA 1998)). With regard to the first consideration, this court has recognized that "in certain circumstances, the denial [of a motion to continue] may create an injustice which outweighs the policy of not disturbing the trial court's ruling." Fasig v. Fasig, 830 So. 2d 839, 841 (Fla. 2d DCA 2002); see also Silverman v. Millner, 514 So. 2d 77, 78 (Fla. 3d DCA 1987) ("Special circumstances sometimes exist . . . in which the denial of a motion for continuance creates an injustice for the movant. In these circumstances, this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance, in particular, in cases where the opposing party would suffer no injury or great inconvenience as a result of a continuance." (citations omitted)).

With this in mind, we conclude that the trial court abused its discretion by denying the Former Wife's motion for continuance. However, we note that we are not unsympathetic to the trial court's difficult task of navigating a protracted, contentious divorce case involving multiple attorneys and two parties who both engaged in dilatory tactics. But under the specific facts of this case, the denial of the continuance created a clear injustice for the Former Wife.

In her motion, the Former Wife specifically alleged that a forensic accounting of the Former Husband's business had never been performed. That circumstance was in no way attributable to the actions of the Former Wife. Instead, it was the direct result of the Former Husband's continued refusal to provide his business

financial records for a forensic accounting. Without the Former Husband's records and such an accounting, the Former Wife was left with no evidence upon which to attempt to establish the Former Husband's ability to pay alimony and attorney fees and costs. As a result, the trial court awarded her no alimony after twenty-seven years of marriage. See § 61.08(4), Fla. Stat. (2014) ("For purposes of determining alimony, there is a rebuttable presumption that a . . . long-term marriage is a marriage having a duration of [seventeen] years or greater."); see also §§ 61.08(8) (stating that "[p]ermanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2)" of the statute, which include subsection (2)(d), "[t]he financial resources of each party," and subsection (2)(i), "[a]ll sources of income available to either party"); .08(7) (allowing for the award of durational alimony following a long-term marriage "if there is no ongoing need for support on a permanent basis").

Additionally, the Former Wife needed the Former Husband's business financial records to establish any right she may have to the business for purposes of equitable distribution. See § 61.075(3) ("In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence."). Without that accounting, the Former Husband was awarded all of the parties' marital real property, and the Former Wife was awarded nothing in the equitable distribution. This was an injustice to the Former Wife—especially where the trial court never revisited the issue of its distribution to the Former Husband of a $325,000 home that was marital property or the Former Husband's $36,000 support arrearage.

- 6 -

With regard to the second consideration of Cargile-Schrage, we conclude that the cause for the Former Wife's "request for continuance was unforeseeable by the movant and not the result of dilatory practices." See 908 So. 2d at 529 (quoting Fleming, 710 So. 2d at 603). Despite the fact that the trial court repeatedly found both parties to be dilatory in complying with its orders, any predictability in the Former Husband's history of failing to comply with discovery should not prevent the Former Wife from having an opportunity to complete the forensic accounting. The Former Wife is not to blame for the fact that there was no enforcement mechanism in place to ensure the Former Husband's compliance.

Moreover, two months before trial, the accountant retained by the Former Wife provided sworn unrebutted testimony that he could not conduct an accounting of the Former Husband's business without the Former Husband's financial records. He additionally testified that based on his current workload, he could not start the work until at least the date of the final hearing. As such, the continuance cannot be considered a meaningless attempt by the Former Wife to prolong the already protracted litigation. The Former Wife established a specific need for the continuance and a time frame in which to fulfill that need.

Finally, we must determine whether the Former Husband would have suffered any prejudice or inconvenience as a result of a continuance. See Cargile-Schrage, 908 So. 2d at 529. We conclude that he would not have. The parties have been divorced since 2010, and the Former Husband has had possession of all marital real property since 2013. Accordingly, other than a delay and the possible expenditure of attorney fees, there is no real prejudice to the Former Husband.

- 7 -

Because the trial court abused its discretion in denying the Former Wife's motion to continue, we must reverse the final judgment and remand for further proceedings consistent with this opinion. We encourage the trial court to set strict discovery deadlines and impose appropriate sanctions for noncompliance upon both parties should they continue to disobey the court's orders.[1]

Reversed and remanded.

CASANUEVA and KHOUZAM, JJ., Concur.

---

[1]Although the Former Wife raises other issues on appeal, our resolution of this issue makes it unnecessary for us to address them.