DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL JOSEPH FRY,**
Appellant,

v.

**ELIZABETH HOLMAN FRY,**
Appellee.

No. 4D17-2435

[September 12, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312016DR000077.

Christopher R. Bruce of Bruce Law Firm, P.A., West Palm Beach, and John L. Chalif of Law Offices of John L. Chalif, Palm Beach Gardens, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

FORST, J.

Appellant Michael Joseph Fry challenges the final parenting plan set forth in the trial court's final dissolution of marriage. Specifically, he challenges the timesharing schedule and the delegation of ultimate decision-making authority to his former wife, Appellee Elizabeth Holman Fry. Appellant raises several issues on appeal. We affirm with respect to all issues, solely writing to address the trial court's denial of Appellant's motion for a continuance, filed on the eve of trial.

**Background**

After initiating divorce proceedings, Appellee filed a motion seeking the appointment of a licensed psychologist to "interview, test, and evaluate the parties and the minor child to assist the Court with regard to, but limited to parental responsibility, time-sharing schedule, and parenting plan." The parties stipulated to the appointment of Dr. Day to conduct the evaluation and issue a written report.

Subsequently, Appellant retained Dr. Kristin Tolbert as an expert witness to prepare a report and provide testimony with respect to Dr. Day's report. Dr. Tolbert received Dr. Day's report in December 2016. On February 1, 2017, the parties were directed that any report prepared by Dr. Tolbert was to be provided to opposing counsel by February 19, and that all witnesses were to be available for deposition prior to March 19. Appellant and his expert failed to meet these deadlines. In mid-March, the trial court set June 1, 2017 as the trial date. On April 25, Appellant's counsel was informed that Appellee expected the report by May 5, in advance of Dr. Tolbert's scheduled deposition. On May 2, Appellee's counsel was assured that the report would be provided by May 11. This deadline was extended to May 12, then to May 15, then to May 23, then to May 26 (with deposition scheduled on May 30).

On May 25, Appellant requested a "brief continuance of trial," primarily taking issue with the substance of Dr. Day's report, though acknowledging that Dr. Tolbert's report "has not been provided as of the time of this motion." Two days before the trial date, a hearing was held regarding Appellant's motion, as well as Appellee's motion to preclude Dr. Tolbert from testifying. At the hearing, Appellant's counsel provided email messages from Dr. Tolbert indicating that she had been delayed due to "computer issues" and a "death in the family."

The trial court denied Appellant's motion for a continuance. In granting Appellee's motion to exclude Dr. Tolbert as a witness, the trial court noted "[t]he rule in the pretrial order is very clear on providing reports. We play by the rules here. This case has been set . . . since March . . . for trial. . . . [T]he husband has had lots of time to hire whoever they choose or nobody . . . they can hire anybody they want. They haven't done it. So this case is going to proceed to trial tomorrow . . . ."

The following day, as the trial commenced, Dr. Tolbert appeared and Appellant renewed his request for a continuance of one to three weeks. Dr. Tolbert informed the trial court that the report "is like 95 percent complete" and that it could "absolutely" be completed by the following day. The trial court reiterated its decision to exclude Dr. Tolbert and the trial went forward.

**Analysis**

The standard of review for a decision to grant or deny a request for a continuance is abuse of discretion. *Taylor v. Inst. for Med. Weight Loss*, 863 So. 2d 398, 400 (Fla. 4th DCA 2003). "A denial of a continuance

2

should not be reversed unless there has been an abuse of discretion clearly appearing in the record." *Cargile-Schrage v. Schrage*, 908 So. 2d 528, 529 (Fla. 4th DCA 2005).

> In determining whether the trial court has abused his discretion, a reviewing court should consider "whether the denial of the continuance creates an injustice for the movant; whether the cause of the request of the continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance."

*Id.* (quoting *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998)).

Appellant argues that the request for a continuance to provide Dr. Tolbert's promised report and deposition, followed by her testimony, should have been granted, as the denial created an injustice to Appellant. Appellant relies upon three district court opinions for support: *Ramadon v. Ramadon*, 216 So. 3d 26, 28-30 (Fla. 2d DCA 2017); *Fisher v. Perez*, 947 So. 2d 648, 650-54 (Fla. 3d DCA 2007); and *Taylor*, 863 So. 2d at 399-400. All of these cases are distinguishable.

In *Ramadon*, the trial court denied the former wife's motion for continuance filed by recently hired trial counsel who had replaced prior counsel who had withdrawn two weeks earlier. *Ramadon*, 216 So. 3d at 28. In reversing the trial court, the district court noted that the former wife had been harmed by the former husband's noncompliance with discovery orders and her "request for continuance was unforeseeable by the movant and not the result of dilatory practices." *Id.* at 30 (quoting *Fleming*, 710 So. 2d at 603).

In *Fisher*, the trial court denied the defendant's motion for continuance after the defendant learned, during trial, that his sole expert witness would be unable to testify the following day because the witness "was suffering from complications from a recent back surgery, was partially paralyzed, [and] highly medicated." *Fisher*, 947 So. 2d at 649. The district court reversed, noting that "it appears defense counsel did everything possible to investigate [the witness's] unavailability and provided the court with sufficient facts to grant the motion for continuance." *Id.* at 651.

In *Taylor*, Taylor learned, several days before calendar call (and about two weeks prior to the earliest trial date) that her expert witness, without explanation, was unwilling to testify. *Taylor*, 863 So. 2d at 399. Taylor immediately filed a motion for continuance, which was denied, and then

attempted to replace her expert with a substitute, who would be available to testify without the continuance. *Id.* The trial court denied the motion and struck the proposed substitute witness. *Id.* We reversed, finding "no evidence or suggestion that Taylor's counsel was engaged in any type of dilatory practice." *Id.* at 400.

The instant case differs significantly from *Ramadon*, *Fisher*, and *Taylor*. In *Ramadon*, the court found that the opposing party's conduct in not complying with discovery was a major factor in the moving party's need for a continuance. 216 So. 3d at 29-30. In both *Fisher* and *Taylor*, the courts found that the party seeking a continuance did so immediately after learning of the unanticipated unavailability of the party's expert witness. *Fisher*, 947 So. 2d at 650; *Taylor*, 863 So. 2d at 400. In *Taylor*, we noted that "[i]f there had been evidence that Taylor's counsel had knowledge much earlier in the proceedings that [the original expert] would not be cooperative, then the trial judge would have been justified in denying the motion to continue." *Taylor*, 863 So. 2d at 400.

In the instant case, the record reflects that Appellant's counsel was on notice of Dr. Tolbert's dilatory conduct. Dr. Tolbert had received Dr. Day's report in December 2016, but failed to complete her responsive report prior to the pretrial order's March deadline. Several dates in May were then set for the deposition of Dr. Tolbert and then rescheduled due to her noncompletion of the report. Three weeks after the initial date in May on which the report had been promised, Appellant finally made his first motion for continuance.

The trial court's granting the motion to strike Dr. Tolbert as a witness did not create an injustice for Appellant. The trial court still had the benefit of the report filed by an expert (Dr. Day), the appointment of whom had been stipulated to by both parties. Competent, substantial evidence exists to support the trial court's award of 57-43 timesharing (versus Appellant's requested 50-50 timesharing) and the court's findings regarding Appellant's parental fitness.

Finally, as to whether Appellee would have been prejudiced by a continuance of the trial, Appellant argued at the hearing on his motion and again at trial that he needed just one to three additional weeks. In opposition, Appellee cited the need for the child's parenting arrangements to be settled in an expeditious fashion. The record supports Appellee's concern. Dr. Day had advised that because the parties were in conflict, for the best interests of the child, they needed to get past the trial so that they could move on. In light of Appellant's record of setting dates on which the report would be submitted followed by last-minute cancellations of

depositions, it was reasonable for Appellee to argue that Appellant's promise of only "one additional week" could not be relied upon, and it was well within the court's discretion to deny a continuance.

## Conclusion

Appellant's expert continued making and breaking promises as to the completion date of her report, right up to the eve of trial. Against this backdrop, we cannot maintain that it was an abuse of discretion for the trial court to deny Appellant's motion for continuance.

*Affirmed.*

LEVINE, J. and ARTAU, EDWARD L., Associate Judge, concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***