NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

1385 STARKEY, LLC,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D15-5579
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
SUPERIOR FENCE & RAIL OF PINELLAS )
COUNTY, INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀)
_____)

Opinion filed January 18, 2019.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Thomas C. Jennings III of Repka &
Jennings, P.A., Clearwater, for Appellant.

Christopher L. Johnson, Oviedo,
for Appellee.

PER CURIAM.

⠀⠀⠀⠀⠀⠀1385 Starkey, LLC (Starkey), seeks review of a final judgment awarding

Superior Fence and Rail of Pinellas County, Inc. (Superior Fence), damages for civil

theft. The final judgment was entered after the trial court prohibited Starkey from

participating in the trial of this action because Starkey had been administratively

dissolved. We reverse because the trial court erred in denying Starkey's motion to

continue the trial in order for Starkey to reinstate itself as an active entity.

Superior Fence filed suit against Starkey, an active Florida limited liability company, in 2009. In 2010, Superior Fence filed its second amended complaint, which is the operative complaint, asserting claims of civil theft, replevin, and conversion. In response, Starkey filed a counterclaim and third-party complaint. The trial court scheduled a pretrial conference for Monday, October 26, 2015, and scheduled a bench trial for November 3, 2015. The order setting trial provided that all motions except motions in limine were to be filed and heard before the pretrial conference absent good cause.

Despite this language, Superior Fence filed a motion to dismiss Starkey's counterclaim and third-party complaint on October 23, 2015—the Friday afternoon before the Monday morning pretrial conference. The basis for the motion was that in 2013 Starkey had been administratively dissolved as an entity by the Florida Department of State and that under chapter 605, Florida Statutes (2015), Starkey was prohibited from prosecuting or defending the action. At the same time, Superior Fence filed a motion asking the court to take judicial notice of a document from the Department of State that showed Starkey's dissolution was for failure to file an annual report. The record does not reflect any reason why the motions had not been filed at an earlier date in order to be heard prior to the pretrial conference.

Although we do not have a transcript of the pretrial conference, the motion to dismiss was apparently addressed at that time. The parties dispute whether the trial court denied the motion or deferred ruling on it, and an order was not entered reflecting any ruling on the issue.

At the start of the trial on November 3, 2015, Superior Fence sought to reargue the motion to dismiss. Starkey responded that the trial court had previously denied the motion and argued that the pretrial ruling should stand. In fact, Starkey stated that at the pretrial conference the court had ordered Starkey's counsel to prepare a written order denying the motion, which Starkey had with it and which it proffered to the court. Superior Fence responded that the court had deferred ruling.

The trial court did not directly address the parties' differing recollections as to what had occurred at the pretrial conference. Instead, the court permitted Superior Fence to "renew" its motion and to argue that dismissal was required under section 605.0212(6), Florida Statutes (2015). Starkey maintained that under section 605.0709 it was entitled to fully participate in the case in order to wind up its business and affairs. It indicated that it had not previously reinstated itself because it understood that the court had denied the motion to dismiss at the pretrial conference and that it could proceed to defend itself as part of the winding up process.

The court recessed for twenty-five minutes. When the proceedings resumed, the court asked Starkey if it had anything to add. Starkey reiterated its position that the court had previously denied the motion and, in light of that, expressed surprise that the court was reconsidering the issue. Starkey further argued that if the court was inclined to dismiss the case as to Starkey then a continuance was warranted so that Starkey could take the steps necessary to reinstate itself to active status.

The court stated that it was going to grant Superior Fence's motion and preclude Starkey from participating in the case, either to defend itself or to prosecute its counterclaim and third-party complaint. Starkey renewed its request for a continuance

3

to give it time to reinstate itself, noting that it was winding up its affairs and should be permitted to participate in the trial. It requested a recess until that afternoon so that it could "correct this matter immediately" and make payment of the requisite funds for reinstatement. The trial court denied this request and proceeded with a bench trial in Starkey's absence. The court ruled in favor of Superior Fence and directed counsel for Superior Fence to submit a proposed final judgment. In the meantime, Starkey took the necessary steps for reinstatement. On November 12, 2015, it filed a certificate from the Department of State reflecting that it had been returned to active status as of November 6, 2015.

Despite this filing, on November 16, 2015, the trial court rendered final judgment in favor of Superior Fence. Starkey filed a motion for new trial and a motion for rehearing and for relief from judgment on November 19, 2015, citing its reinstatement along with section 605.0715, which provides that reinstatement will relate back and take effect as of the date of the administrative dissolution and that the company "may resume its activities and affairs as if the administrative dissolution had not occurred." § 605.0715(4)(b). The trial court denied the motions without a hearing. This appeal followed.

The parties cite to differing statutory sections to argue their respective positions as to whether Starkey was entitled to participate in the litigation after it was administratively dissolved for failure to file its annual report. They also cite and attempt to harmonize two seemingly inconsistent cases from this court dealing with analogous statutes addressing dissolved corporations. See Trans Health Mgmt., Inc. v. Nunziata, 159 So. 3d 850 (Fla. 2d DCA 2014); PBF of Fort Myers, Inc. v. D&K P'ship, 890 So. 2d

4

384 (Fla. 2d DCA 2004). We decline to address whether their attempt at harmonization is correct (or the threshold question of whether the cases are indeed inconsistent) because regardless, under the circumstances here, we conclude that the trial court abused its discretion in denying Starkey's motion to continue in order that it could reinstate itself as an active entity.

This court has previously recognized that "in certain circumstances, the denial [of a motion to continue] may create an injustice which outweighs the policy of not disturbing the trial court's ruling." Ramadon v. Ramadon, 216 So. 3d 26, 29 (Fla. 2d DCA 2017) (alteration in original) (quoting Fasig v. Fasig, 830 So. 2d 839, 841 (Fla. 2d DCA 2002)). In this case, the trial court's decision to deny Starkey's motion for a continuance occurred after the court allowed Superior Fence to reargue its motion to dismiss on the morning of the trial. Had the court permitted Starkey to reinstate itself to active status prior to the beginning of trial, the effect of reinstatement would have been to make it as if the dissolution had never occurred. See § 605.0715(4). In summary, the trial court should have granted Starkey's request for a brief continuance on the morning of trial to allow Starkey the opportunity to reinstate itself so that Starkey would have been able to fully participate in the trial rather than suffer a judgment from an uncontested trial. See id.; see also Chakra 5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1062-63 (Fla. 3d DCA 2018) ("[W]hen the issue of an entity's status with the Florida Secretary of State is raised, the appropriate course by a trial court is to abate the action for a brief period of time to permit compliance with the statute; only after a failure to comply within a reasonable time may sanctions such as dismissal be considered.").

Based on the uncertainty as to the trial court's ruling at the pretrial conference and the court's decision precluding Starkey's participation in the trial after denying its request for a brief continuance in order to reinstate itself as an active entity, we reverse the final judgment and remand for further proceedings.

Reversed and remanded.

SILBERMAN, VILLANTI, and ROTHSTEIN-YOUAKIM, JJ., Concur.