DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHA MA RAH A'MOONEEE BELANGER,**
Appellant,

v.

**KENNETH R. BELANGER,**
Appellee.

No. 4D21-1243

[February 16, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312020DR000584.

Michael Gulisano of Gulisano Law, PLLC, Coral Springs, for appellant.

No appearance for appellee.

PER CURIAM.

We affirm the final judgment of dissolution of marriage. Appellant claims that the court erred in denying a request for continuance. The trial court has discretion to refuse a continuance even where a party's attorney has withdrawn. *Cargile-Schrage v. Schrage*, 908 So. 2d 528, 529 (Fla. 4th DCA 2005). Here, appellant stipulated to the withdrawal of her attorney shortly before trial, even though she had not secured a continuance, the trial court had a strict continuance policy, and the case had been pending for over eight months. In addition, appellee was pro se, and thus had no advantage over appellant. On this record, we cannot say that the court abused its discretion.

We also find no abuse of discretion in the trial court's determination of equitable distribution of the property and the award of alimony. During the trial, the court went over all the parties' assets, income, and expenses. It allowed both sides to question the other. In the final judgment, all known assets were valued. Although appellant alleged that appellee was hiding assets, she offered no proof other than speculation. And contrary to her representation on appeal, there were no outstanding discovery

requests in the record.[1]  The trial court made equitable distribution of the property and an award of alimony.  We affirm both.

*Affirmed.*

WARNER, GROSS and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] During trial, appellant maintained that appellee had a SunTrust account, which she testified was closed in 2018, two years prior to the petition for dissolution, while appellee testified the account was closed years earlier.  Appellant had no documentation of the account, and the trial court noted that appellant had eight months to secure documents on the account but did not.  At the close of the trial, the court, in an abundance of caution, requested documentation on the account, as well as other documents relating to other issues.  However, the court cautioned that if the documents were not received within ten days, the court would enter judgment without them, and the parties would waive their right to provide that documentation.  Other documents were received, but not for the SunTrust account.  The court entered judgment without receiving them, not valuing the account.  The court could rely on the testimony at trial which showed the account was closed two years prior to the dissolution.