# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-929, 3D21-1001
Lower Tribunal No. 17-25120
_____

**VME Group International, LLC, etc., et al.,**
Appellants,

vs.

**The Grand Condominium Association, Inc., etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

León Cosgrove, LLP, and Jordi C. Martínez-Cid, John R. Byrne, and Ellen Ross Belfer; Quinn Emanuel Urquhart & Sullivan LLP, and Stephen Klapper, (New York, NY), for appellants.

Cole, Scott & Kissane, P.A., and Scott A. Cole, for appellees The Grand Condominium Association, Inc., Fred Joseph, Raymond Hart, Robert Lacle, Daniel Nault, Richard Buccellato and Carmine Zayoun; Joshua A. Berman, PLLC, and Joshua A. Berman, for appellee Carmine Zayoun; Bilzin Sumberg Baena Price & Axelrod LLP, and Mitchell E. Widom, and Raquel M. Fernandez, for appellees Pierre Heafey, PH Retail,

Inc., and PH Hotel, Inc.; Roniel Rodriguez IV, P.A., and Roniel Rodriguez IV, for appellee Stuart R. Kalb.

Before FERNANDEZ, C.J., and EMAS and HENDON, JJ.

HENDON, J.

Appellants, VME Group International, LLC ("VME"), Omni Property Management, LLC ("Omni"), and Global Grand Management, Inc. ("Global Grand") (collectively "Plaintiffs" or "Appellants"), seek to reverse the final judgments[1] issued in favor of Appellees. The Appellees, defendants below, include The Grand Condominium Association, Inc. ("The Association"), PH Retail, Inc. ("PH Retail"), PH Hotel, Inc. ("PH Hotel"), and several individuals[2], (collectively, "Appellees"). We reverse the final judgments and remand for further proceedings.

The Grand Condominium ("The Grand") is a mixed-use hotel and condominium. Of the 810 residential units in The Grand, approximately 280

---

[1] The orders on appeal include: 1) the January 13, 2021 Final Summary Judgment on Count II of Counter-Plaintiff Stuart R. Kalb's Motion for Summary Judgment; 2) the January 14, 2021 Final Summary Judgment, as to certain defendants, on Counts I, II, III, IV, V, VI, and X; 3) the January 14, 2021 Final Judgment by Judge After Non-Jury Trial, as to certain other defendants, on Count II, Count III, Count IV, Count VIII, and Count IX; 4) the March 24, 2021 denial of the Plaintiffs' January 27, 2021 Motion for Rehearing and Reconsideration; 5) The April 21, 2021 denial of the Plaintiffs' March 19, 2021 Motion for Leave to Amend the Motion for Hearing.

[2] Pierre Heafey, Stuart K. Kalb, Fred Joseph, Raymond Hart, Robert Lacle, Daniel Nault, Carmine Zayoun, and Richard Buccellato.

2

to 300 are made available by their owners for short term rentals. Appellants filed their initial complaint in 2017, and their third amended complaint was filed in 2020. The essence of the Appellants' third amended complaint alleged that after Appellants entered into the short-term rental market, Appellees passed and enforced a series of short-term rental rules disguised as security regulations, exempted some unit owners in the short-term rental market, and interfered with Appellants' ability to compete in that market. Appellants claimed that Appellees also passed special assessments that exceeded actual needs. When the assessments could not be paid, Appellants claimed that the Association placed liens on the units, and foreclosed on the units, which were then purchased by other Appellees.[3]

---

[3] The Appellants made the following claims in the third amended complaint: Count I: Breach of Contract (VME and Omni v. the Association); Count II: Declaratory Relief (VME and Omni v. the Association and Board Members, Kalb, Joseph, Hart, Lacle, Nault, Zayoun, and Buccellato) (collectively, "Board Members"); Count III: Breach of Fiduciary Duty (VME and Omni v. Board Members); Count IV: Civil Conspiracy (VME and Omni v. Pierre Heafey, PH Hotel, PH Retail, and Board Members); Count V: Aiding and Abetting Breach of Fiduciary Duty (VME and Omni v. Heafey, PH Hotel and PH Retail); Count VI: Violation of FDUPTA (VME, Omni and Global Grand v. Heafey, PH Hotel, PH Retail and the Association); Count VII: Conversion (Global Grand v. the Association); Count VIII: Fraud (Global Grand v. the Association); Count IX: Unjust Enrichment (Global Grand v. the Association); Count X: Tortious Interference With Prospective Business Relationships (VME, Omni and Global Grand v. Heafey).

Over the next several months, both parties exchanged a flurry of motions and petitions,[4] including the relevant motions for summary judgment filed between March and November, 2020. Discovery was completed in October 2020.[5]

In October 2020, the Appellants were represented by Mark Dienstag and Karen Haas. The trial was set for November 2020. Mr. Dienstag was allowed to withdraw for health reasons. At the October 8, 2020 status conference, Ms. Haas explained that she was retained solely as appellate counsel and was not handling any of the trial matters. At that hearing, Ms. Haas requested ninety days to find replacement trial counsel, citing the complexity of the case and the time it would take for replacement counsel to properly represent the Appellants. The trial court gave the Appellants

---

[4] VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., 305 So. 3d 30 (Fla. 3d DCA 2019) (affirming denial of injunction); VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., 309 So. 3d 266 (Fla. 3d DCA 2020) (denying petition for writ of prohibition); VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., No. SC19-1984, 2020 WL 3412131, at *1 (Fla. June 22, 2020) (denying petition for writ of certiorari, prohibition, and mandamus); VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., No. 3D20-1125, 2020 WL 9173489, at *1 (Fla. 3d DCA Sept. 14, 2020) (denying petition for certiorari, prohibition, and mandamus); VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., No. 3D21-0575, 2021 WL 1696864, at *1 (Fla. 3d DCA Mar. 29, 2021) (dismissing emergency petition for certiorari); VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., 307 So. 3d 663 (Fla. 3d DCA 2020) (denying petition for writ of certiorari and prohibition).

[5] Notably, the record indicates that the Appellants did not file responses to the motions for summary judgment.

4

twenty days to retain new trial counsel. On November 4, 2020, Sergio Casiano filed a Notice of Appearance for the Appellants as trial counsel. The trial court subsequently entered an order setting the case for non-jury trial on January 11, 2021.

The Appellants subsequently sought to amend their complaint a fourth time to add a count under the Sherman Act, and moved to transfer the case to the complex business litigation section.[6] At that point, Mr. Casiano moved to withdraw, citing conflict. At the December 15, 2020, calendar call, the trial court granted Mr. Casiano's motion to withdraw, once again leaving Ms. Haas as Appellants' sole counsel. Ms. Haas asked for another trial continuance, based on the new evidentiary issues, the Appellants' motion to transfer the case to the complex business litigation section, and that the Appellants were once again left with no reasonable time to secure replacement trial counsel. The trial court denied Ms. Haas's motion for a continuance, stating:

> I understand, Ms. Haas, that you don't think that you should be counsel on this case as trial counsel. I understand that you have filed a motion to transfer to complex. I also understand you have filed a motion for leave to amend. None of these issues are before the court. What is before the court is a trial

---

[6] The trial court denied the motion to transfer as untimely, given that the case had been in litigation for the previous three years, the parties had indicated their readiness for trial (prior to counsel Dienstag's withdrawal), and the trial was set for the following month.

5

> order, and the parties are ready for trial. . . . and motions to continue are not to be granted without actual real reasons. And at this point <u>I don't see that there's any issue that prevents this case from going forward</u>.

(emphasis added). The trial court set the hearing on the motions for summary judgment for January 11, 2021.

On January 1, 2020, Ms. Haas, on behalf of the Appellants, filed a verified motion for continuance of the summary judgment hearings, citing the new evidentiary issues, lack of trial counsel, and that any replacement trial counsel would require sufficient time to prepare for a summary judgment hearing and trial. In that motion, Ms. Haas also indicated that she recently experienced a sudden onset of a life-threatening medical issue and was unable to attend the summary judgment hearing or the trial. The Appellees filed their opposition to the motion for continuance, citing further delay.

On January 11, 2021, minutes before the summary judgment hearing, Ms. Haas filed a letter with the court from her doctor indicating that she had an acute medical issue which required immediate treatment and that failure to seek treatment could result in "deleterious health consequences." At the hearing, all counsel, including Ms. Haas, appeared by Zoom videoconference. Ms. Haas explained the seriousness of her medical condition, and her need for immediate medical intervention. She

6

asserted that, if the Plaintiffs' chosen attorney is unable to follow through with litigation, a continuance must be granted. Ms. Haas further explained to the court that a continuance would not prejudice the Appellees. Further, she stated that she would have handled the summary judgment arguments but for her acute medical crisis.

After hearing argument from both parties on the motion for a continuance, and despite Ms. Haas' explanation, the trial court focused on the letter from Ms. Haas' doctor stating it did not set forth Ms. Haas' alleged medical issue, the exact timing of the medical treatment required, or whether her condition prevented her from appearing in a non-jury trial to be conducted by Zoom video conference. On January 13, 2021, the trial court denied the Appellants' motion for continuance, and the emergency motion to stay pending appeal of the denial of the motion for continuance.

Because Ms. Haas had a hospital appointment, she was unable to attend the remainder of the summary judgment hearing. After Ms. Haas left, the Appellees argued their summary judgment motions, and the trial court granted those motions. The Appellants and Ms. Haas did not appear at the non-jury trial and the trial court granted final judgment for Appellees on the remaining claims, from which the Appellants have appealed: 1) the January 13, 2021 Final Summary Judgment on Count II of Counter-Plaintiff

7

Stuart R. Kalb's Motion for Summary Judgment; 2) the January 14, 2021 Final Summary Judgment, as to certain defendants, on Counts I, II, III, IV, V, VI, and X; and 3) the January 14, 2021 Final Judgment by Judge After Non-Jury Trial, as to certain other defendants, on Count II, Count III, Count IV, Count VIII, and Count IX.

On January 27, 2021, the Appellants filed a Florida Rule of Civil Procedure 1.530 motion for rehearing or reconsideration of all orders entered on January 13 and 14, 2021. In that motion, the Appellants argued that the summary judgment orders should be reconsidered or vacated because they were entered notwithstanding Appellants' status of being unrepresented by trial counsel at the summary judgment hearing as a result of counsel's illness. Appellants asserted that under those circumstances, the trial court should have granted the Appellants' motion for continuance to permit them to find replacement trial counsel. The court denied the motion for rehearing and reconsideration. The trial court based its ruling on the Appellants' failure to challenge the legal or factual basis for the summary judgments or the final judgment, and further concluded that, after considering the motion for continuance and argument of counsel, the motion was not well founded.

Finally, the trial court determined that the motion, while labeled a motion for rehearing, was in essence a motion seeking reconsideration of the denial of Appellants' underlying motion for continuance. Such a motion, the court concluded, could not be aimed at a final judgment via a rule 1.530 motion for rehearing. This appeal ensued.

Standards of review. Our standard of review of orders granting final summary judgment is de novo. Siegel v. Tower Hill Signature Ins. Co., 225 So. 3d 974, 976 (Fla. 3d DCA 2017). "[W]e must view the record and reasonable inferences therefrom in a light most favorable to the nonmoving party, and any doubt concerning the existence of a disputed issue of material fact must be resolved against the moving party." Davis v. Baez, 208 So. 3d 747, 750-51 (Fla. 3d DCA 2016).

Further, "the decision to grant or deny a continuance is within the trial court's discretion and that decision will not be disturbed on appeal absent an abuse of discretion." Cargile-Schrage v. Schrage, 908 So. 2d 528, 529 (Fla. 4th DCA 2005) (citing Taylor v. Inst. for Med. Weight Loss, 863 So. 2d 398, 400 (Fla. 4th DCA 2003)).

Discussion. We first consider the Appellees' contention that the motion for rehearing was, as the trial court concluded, actually a motion for reconsideration of the underlying pre-judgment motion for continuance. We

disagree with the trial court's characterization of the motion as a motion for reconsideration, as that can only be directed towards a non-final order.[7] The summary judgment orders at issue were final orders not amendable to a motion for reconsideration, and the Appellants properly moved under rule 1.530(b) for rehearing of the summary judgment orders.[8]

We next consider whether the trial court erred by denying the Appellants' motion for rehearing, and conclude that it did. The grounds for rehearing under Florida Rule of Civil Procedure 1.530 are broad. As this Court has explained, under rule 1.530,

---

[7] Motions for reconsideration "apply only to nonfinal, interlocutory orders, and are based on a trial court's 'inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action.'" Seigler v. Bell, 148 So. 3d 473, 478 (Fla. 5th DCA 2014); see also ARP Acquisitions Corp. v. PHH Mortg. Corp., 337 So. 3d 873, 875 (Fla. 3d DCA 2022) ("Nomenclature does not control, and motions for either 'rehearing' or 'reconsideration' aimed at final judgments shall be treated as rule 1.530 motions for rehearing, while motions aimed at nonfinal orders shall be treated as motions for reconsideration." )(citing Seigler, 148 So. 3d at 479 (Fla. 5th DCA 2014)).

[8] It is important to note that the Appellants' motion for continuance was argued and denied at the same hearing in which, minutes later, the trial court granted Appellees' motions for summary judgment. The exigency of counsel's medical issues meant that she was not present to argue against summary judgments or to make an oral motion for reconsideration of the denial of the motion for a continuance. At the conclusion of the hearing, the trial court granted the motions for summary judgment. Appellants' only realistic option at that point was to file a motion for rehearing of a final order.

> [a] rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the court any error, omission, or oversight that may have been committed in the first consideration. Upon the timely filing of a petition for rehearing, the court may reopen the case and reconsider any or all of the provisions of its final decree.

Langer v. Aerovias, S.A., 584 So. 2d 175, 176 (Fla. 3d DCA 1991) (citation and internal quotation omitted). "These broad grounds include the contention that the final order conflicts with the governing law and is otherwise simply wrong on the merits." Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013) (emphasis added).

Given the broad application of a motion for rehearing, the Appellants' contention that the trial court abused its discretion by denying the motion for continuance is well taken. The Appellants set forth sufficient basis for a motion for rehearing. The record clearly shows that Appellants had valid reasons for requesting a continuance of the summary judgment hearing and trial, and that the motion for continuance was not made for the purpose of delay. Although delay would be a consequence, it would not have prejudiced the Appellees. The trial court's denial of the Appellants' motion for continuance left the Appellants without representation at a critical juncture of the litigation. See Fleming v. Fleming, 710 So. 2d 601, 603 (Fla. 4th DCA 1998) ("Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance

11

include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.").

As noted by the Fifth District in Myers v. Siegel, 920 So. 2d 1241 (Fla. 5th DCA 2006), cases involving illness of counsel or a party do not mandate reversal in all circumstances. Instead, additional factors should be considered, including: (1) the length of the requested continuance; (2) whether the counsel who becomes unavailable for trial has associates adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; and (5) any other unique circumstances. "Consideration of these factors allows the courts to balance the protection of the client's right to counsel of his or her choice with the general interest in the prompt and efficient administration of justice, which includes an opposing party's right to prompt resolution of the issues involved in the proceedings." Krock v. Rozinsky, 78 So. 3d 38, 41 (Fla. 4th DCA 2012) (citing Myers at 1243).

Case law instructs that "[w]hen undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate

12

presentation of a case, failure to grant a continuance is reversible error." Ziegler v. Klein, 590 So. 2d 1066, 1067 (Fla. 4th DCA 1991). This is what occurred here. "The majority of cases finding that the trial court abused its discretion in denying a movant's motion for continuance either involve situations where the movant's attorney withdraws on the day of or a couple days before trial and a continuance is denied, or where counsel or a key witness becomes ill before trial preventing an adequate presentation of the case." Fleming, 710 So. 2d at 603 (citations omitted); see also Silverman v. Millner, 514 So. 2d 77 (Fla. 3d DCA 1987) (abuse of discretion in denying motion for continuance where defendant suffered a stroke and his testimony was necessary for a fair and adequate presentation of his case); Thompson v. Gen. Motors Corp., 439 So. 2d 1012, 1013 (Fla. 2d DCA 1983) (quashing order denying continuance to counsel whose recent illness required him to withdraw, and where new counsel could not possibly become prepared to try a complex case by the time of its scheduled date, and where respondent made no showing of prejudice other than that normally incident to trial delay). In the instant case, the trial court failed to consider or balance any of these factors in ruling to deny Appellants' motion for continuance.

As a final matter, the Appellees contend that the appeal is untimely filed. We disagree. The trial court initially abused its discretion by denying the Appellants' well-founded motion for continuance, which left Appellants unrepresented at the summary judgment hearing. The trial court compounded its error by subsequently denying Appellants' timely filed motion for rehearing, which tolled the time for filing a notice of appeal until disposition of the motion for rehearing. The record shows that the order denying the motion for rehearing was finally rendered on March 24, 2021,[9] and the Appellants' notice of appeal was timely e-filed April 12, 2021, within 30 days from the denial of the motion.

Based on our de novo review of the record on appeal, we conclude that the trial court abused its discretion by denying the Appellants' repeated pre-judgment motions for continuance, such that the final summary judgments were improvidently granted. We therefore reverse the final summary judgments and final judgment, and remand for further consistent proceedings.

Reversed and remanded.

---

[9] Because the trial judge had been reassigned to the family division, the order denying the Appellants' motion for rehearing was not rendered until March 24, 2021.